## 51562. SHORTS v. THE STATE.

Bell, Chief Judge.

Defendant was convicted of theft by receiving stolen property in violation of Code § 26-1806. On appeal he complains that the evidence is not sufficient to authorize his conviction.

The state's evidence was limited to a showing that a shotgun and a drill were stolen during a burglary of a home. On the day following the burglary, defendant on two separate occasions attempted to pawn the shotgun and the drill at a local pawn shop. Defendant testified that he obtained possession of the drill and shotgun from a friend when the latter requested the defendant's assistance in pawning the items as the friend had no driver's license; and that he did not know that the property was stolen. *Held:*

An essential element of the crime of theft by

receiving stolen property is knowledge that the goods are stolen when the defendant receives the property. Code § 26-1806. Knowledge may be inferred from circumstances which would excite the suspicions of an ordinarily prudent man. *Hudgins v. State,* 125 Ga. App. 576 (188 SE2d 430). Proof of possession of recently stolen property will not authorize an inference that the possessor received it with knowledge that the property was stolen. *Clarke v. State,* 103 Ga. App. 739 (120 SE2d 673). Applying these principles to the facts, we think the evidence does not authorize a verdict of guilty. Succinctly, all that the state proved was possession of recently stolen property which is insufficient standing alone to show guilty knowledge. No inference of guilty knowledge can be drawn from the circumstance of attempting to pawn the property nor from the testimony of defendant as it is completely consistent with innocence. The proof is fatally deficient.

*Judgment reversed. Clark and Stolz, JJ., concur.*

Submitted January 12, 1976 — Decided January 20, 1976.

*Langstaff, Campbell & Plowden, R. Edgar Campbell,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.