## 52970. LAROCHE v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of theft by receiving stolen property in violation of Code § 26-1806. On appeal, he contends that the evidence is insufficient to authorize his

conviction and that it was error to deny his motion for directed verdict of acquittal.

The indictment charged that defendant disposed of 3 electric typewriters, a calculator and a motor for a boat knowing that this property was stolen. The state proved by its evidence these items of personalty had been stolen by someone and that defendant had possession of them. It was also shown that defendant sold two typewriters to one individual, left one in the custody of another person after attempting unsuccessfully to sell it to this person; sold the boat motor to another party; and that he gave the calculator to a friend. Defendant testified that he acquired this property by purchase from third persons. While he corroborated the state's witnesses with reference to the sales of the typewriters and boat motor and the transfers of possession of the other typewriter and calculator, he denied that he had any knowledge that these items were stolen when he acquired them from third parties. There was no evidence that purchase prices paid by defendant was disproportionate to the actual value of the goods. *Held:*

Knowledge that the goods were stolen when the defendant receives them is an essential element of the crime of theft by receiving stolen property. *Shorts v. State,* 137 Ga. App. 314 (223 SE2d 504). Knowledge may be shown by circumstances which would excite suspicion in the mind of an ordinarily prudent man; and buying at a price grossly less than the real value is a sufficient circumstance to excite suspicion. *Nichols v. State,* 111 Ga. App. 699 (143 SE2d 41). Proof of possession of recently stolen property will not authorize an inference that the possessor received it with knowledge that it was stolen. *Clarke v. State,* 103 Ga. App. 739 (120 SE2d 673). Here all the state proved was possession of recently stolen property. There was no evidence of purchase at a grossly disproportionate price. Nor can an inference of guilty knowledge be drawn from defendant's testimony. The evidence will not authorize the conviction and it was error to deny the motion for directed verdict of acquittal.

*Judgment reversed. Clark and Stolz, JJ., concur.*

SUBMITTED OCTOBER 7, 1976 — DECIDED OCTOBER 26, 1976 —

*Harrison, Childs & Foster, Mobley F. Childs, C. David Wood,* for appellant.

*E. Byron Smith, District Attorney, Hal Craig, Assistant District Attorney,* for appellee.