## 57071. COOK v. THE STATE.

Bell, Chief Judge.

Defendant was convicted by a jury of twelve counts of theft by receiving stolen property. *Held:*

1. The court correctly denied defendant's motion for directed verdict at the close of the state's evidence as all the evidence adduced at trial authorized the convictions. In its main case, the state's evidence consisted of prior burglaries, a search of defendant's business and home, and seizure of property therefrom, some of which was later identified as having been stolen. However, in rebuttal, the state's witness who admitted committing the burglaries also testified that he had sold stolen goods to defendant for a period of a year, and that he had advised defendant that the property had been stolen. On review, the appellate court may consider all the evidence adduced at the trial. *Bethay v. State,* 235 Ga. 371, 374-375 (219 SE2d 743).

2. The court did harmfully err in failing to charge the jury that mere possession of stolen goods is insufficient to authorize an inference of guilty knowledge, an essential element of this crime, as requested in writing by defendant. The only evidence of knowledge consisted of the rebuttal testimony of a convicted felon whose credibility was in issue. It has long been the rule in Georgia that in a theft by receiving stolen property case, mere possession of the goods will not authorize an inference of guilty knowledge. *LaRoche v. State,* 140 Ga. App. 509 (231 SE2d 368). The jury was free to disbelieve the testimony of the convicted burglar in which event the state's case would be reduced to mere possession of stolen property. Therefore, this failure to instruct, applying the "highly probable" standard, was harmful error as we are unable to hold that the error did not contribute to the convictions on all counts. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869).

3. All other enumerations of error either have no merit or are not likely to recur in the event of another trial.

*Judgment reversed. Webb and Banke, JJ., concur.*

ARGUED JANUARY 3, 1979 — DECIDED JANUARY 11, 1979.

*Garland, Nuckolls, Kadish & Cook, John A. Nuckolls,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Russell J. Parker, Assistant District Attorneys,* for appellee.