## 58475. BEADLES v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for theft by receiving stolen property. *Held:*

1. In enumerations three and four defendant claims error when his motion for a directed verdict was denied because there was no evidence that defendant knew that the property was stolen. When defendant was stopped for a traffic violation, the police officer discovered through routine checking that the automobile he was driving had been reported stolen. Defendant told the officer the vehicle had been pawned to him for $200 by another. He was not able to produce any documentation for the vehicle, which was subsequently established as stolen and valued at $14,000. Later defendant made written and oral statements to an investigator in which he said that he gave $200 to a black male called Boobie and was given the car for one or two weeks as security for the loan. He said he had a partner in the deal whom he did not want to name. He gave no description of Boobie or location where he could be found.

"In a theft by receiving case, guilty knowledge is not shown by mere possession of the goods. [Cits.] However, possession coupled with other circumstances and evidence may be used to infer the knowledge required by statute. [Cits.]" *Borgh v. State,* 146 Ga. App. 649, 650 (247 SE2d 137). " 'Knowledge may be inferred from circumstances which would excite the suspicions of an ordinarily prudent man.' [Cits.]" *Lee v. State,* 239 Ga. 769, 779 (238 SE2d 852). " '[W]hether the explanation of the possession offered by the defendant in his statement alone . . . is a satisfactory explanation, is a question for the jury.' [Cits.]" *Haugabrook v. State,* 142 Ga. App. 714, 715 (236 SE2d 890). Under the circumstances, the trial court did not err in denying the motion for a directed verdict.

2. The remaining enumerations of error are without merit.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 11, 1979 — DECIDED OCTOBER 11, 1979.

*H. Burton Crews,* for appellant.
*M. Randall Peek, District Attorney,* for appellee.