## 58392. HANSON v. THE STATE.

SHULMAN, Judge.

Defendant was convicted of theft by receiving stolen property in violation of Code Ann. § 26-1806. On appeal, he contends that the evidence is insufficient to authorize his conviction and that it was error to deny his motion for directed verdict of acquittal. We agree.

The state's evidence was limited to a showing that certain tools purportedly stolen from a car dealership were found in the dresser drawer of a motel room occupied by the defendant and another individual, David Hiers, defendant's roommate. Defendant testified that the tools were in the possession of and owned by Hiers, which testimony was confirmed by Hiers.

Even assuming that the state established prima facie evidence that the tools in question were in fact stolen property, in the possession of the defendant (but see *Williamson v. State,* 134 Ga. App. 329, 331 (214 SE2d 415)), the state's case is nevertheless "fatally deficient in that knowledge that the goods were stolen, an essential element of the offense of receiving stolen property, is lacking. As in *Shorts v. State,* 137 Ga. App. 314 (223 SE2d 504), all that the state proved [at most] was that defendant was in possession of stolen property which is insufficient standing alone to show the essential element of guilty knowledge." *Pressley v. State,* 142 Ga. App. 701 (2) (237 SE2d 8).

Since the state failed to show any additional circumstances establishing scienter, the evidence did not authorize defendant's conviction. See *Williamson,* supra; *Laroche v. State,* 140 Ga. App. 509 (231 SE2d 368); *Shorts,* supra.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

Submitted September 5, 1979 — Decided October 22, 1979.

*William Waugh Turner, III,* for appellant.
*David Roy Hege, Solicitor,* for appellee.