## 61249. WATTS v. THE STATE.

BANKE, Judge.

The appellant stands convicted of theft by receiving stolen property. On appeal, he contends that the evidence is insufficient to show that he knew the property was stolen when it came into his possession.

The property at issue consisted of parts of a 1978 blue Buick Regal automobile which had been stolen in Atlanta. The appellant testified that he was approached by one Ben Kemp, who was driving a "blue Regal" and that Kemp offered to sell the appellant a motor and transmission. The appellant bought an engine, transmission, and bucket seats from Kemp for a total of $365. His testimony is that he paid $165 in cash and still owes $200.

The parts were positively identified as components of the stolen Buick, which was eventually found stripped in the woods. The appellant testified that he put the motor and transmission in his 1971 Chevrolet, but denied any knowledge that the parts were from a stolen automobile. A Buick Regal hood ornament was found under the driver's seat of appellant's 1971 Chevrolet. *Held:*

"A person commits theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." Code Ann. § 26-1806. Knowledge that the goods are stolen is an essential element of the crime. This guilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man. *Nichols v. State,* 111 Ga. App. 699 (2) (143 SE2d 41) (1965); *Hudgins v. State,* 125 Ga. App. 576 (188 SE2d 430) (1972).

Very often evidence of the purchase of property "at a price grossly less than the real value is a sufficient circumstance to excite suspicion." *LaRoche v. State,* 140 Ga. App. 509, 510 (231 SE2d 368) (1976). The evidence in this case shows that the value of the used parts was in the range of that paid by appellant according to his testimony. A local car dealer testified that an engine would bring about $400 and the transmission between $100 and $200. This witness also testified that he had purchased a similar engine recently for $150. The appellant testified that he had been offered a motor and transmission for $400 by a local dealer.

Proof of possession of recently stolen property will not authorize an inference that the possessor received it with knowledge that it was stolen. *Clarke v. State,* 103 Ga. App. 739 (2) (120 SE2d 673) (1961). "Succinctly, all that the state proved was possession of recently

stolen property which is insufficient standing alone to show guilty knowledge." *Shorts v. State,* 137 Ga. App. 314, 315 (223 SE2d 504) (1976).

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 22, 1981 —

*Norman Smith,* for appellant.

*E. Byron Smith, District Attorney, Donald J. Coffey, Assistant District Attorney,* for appellee.