## 61831. PRUIETT v. THE STATE.

CARLEY, Judge.

Appellant was convicted by a jury of theft by receiving stolen property in violation of Code Ann. § 26-1806. He appeals from the judgment entered on the jury verdict.

1. In related enumerations of error appellant raises the general grounds and contends that the trial court erred in denying his motion for directed verdict of acquittal because the evidence was not sufficient to prove that appellant knew or should have known that the items described in the indictment were stolen property. From the

evidence presented at trial the jury was authorized to find the following: On or about April 29, 1980 twelve tires and wheels were stolen from Jim Tidwell Ford, Inc. of Kennesaw, Georgia with a value of approximately $1,125.00. On the afternoon of May 2, 1980 ten of the stolen tires and wheels were found lying on the ground immediately behind appellant's trailer. In explanation of his possession of the stolen tires, appellant testified that at approximately 7:00 a.m. on May 1, 1980 two men drove to appellant's trailer, got out of their truck and tapped on one of the trailer's windows to get appellant's attention. The men stated they had some tires in the truck which they were going to leave in appellant's yard because they had some business to take care of at the courthouse in an adjoining county and feared the tires might be stolen from the truck while they were attending to such business. The men stated they would return later to pick up the tires. Appellant testified that initially he was not suspicious of the men's actions because he thought they were leaving only one or two tires. Appellant admitted, however, that later in the day he did become suspicious upon discovering the large pile of tires and wheels. Appellant refused to identify the men leaving the tires, stating he did not want to "rat" on anyone.

"A person commits theft by receiving stolen property when he receives, disposes of, or *retains* stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." (Emphasis supplied.) Code Ann. § 26-1806. "Knowledge that the goods are stolen is an essential element of the crime. This guilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man. [Cits.]" *Watts v. State,* 157 Ga. App. 214 (276 SE2d 884) (1981). "'Unexplained possession of recently stolen goods can be used in conjunction with other evidence to infer guilty knowledge.' [Cit.]" *Ledford v. State,* 148 Ga. App. 819, 820 (253 SE2d 239) (1979). Whether appellant's explanation of his possession was reasonable or satisfactory was a question for the jury. *Beadles v. State,* 151 Ga. App. 710 (1) (261 SE2d 447) (1979).

Applying the foregoing principles to the facts of the instant case, the trial court did not err in denying appellant's motion for directed verdict of acquittal which was premised on an alleged failure to show guilty knowledge. Pretermitting a determination of the sufficiency of the circumstantial evidence to establish guilty knowledge of appellant at the time he initially received the stolen property, appellant admitted that later, with the tires and wheels in his possession, he became suspicious about the situation. "[R]etention of stolen property which a person knows or should know is stolen

without intent to restore it to the owner will sustain the conviction even where guilty knowledge at the time of the acquisition of the stolen property is not shown. [Cit.]" *Poole v. State,* 144 Ga. App. 228, 230 (240 SE2d 775) (1977). " 'After the fact knowledge' . . . will sustain a conviction." *Johnson v. State,* 135 Ga. App. 768, 769 (219 SE2d 25) (1975).

Our review of the record convinces us that any rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Galloway v. State,* 157 Ga. App. 85 (1) (276 SE2d 135) (1981).

2. Appellant's contention that the trial court erred in charging on the law of confessions is not supported by the record. Rather than charging the law of confessions, the trial court instructed the jury on the law of admissions and incriminatory statements as was authorized by the evidence. The particular portion of the charge to which appellant now objects was expressly approved by the Supreme Court in *Nair v. State,* 236 Ga. 892 (2) (226 SE2d 61) (1976). The charge as given was a fair and correct statement of the law. Furthermore, the record reveals that, when at the conclusion of the court's charge appellant's counsel was given the opportunity to raise objections to the instructions given to the jury, he expressly stated that he had none. See *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979).

For the foregoing reasons, this enumeration is without merit.
*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 9, 1981 —
REHEARING DENIED JULY 23, 1981.

*Kit Bradshaw, James Eugene Greene,* for appellant.
*Darrell Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.