## 63214. McCANNON v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for possessing a vehicle with an altered vehicle identification number. *Held:*

1. Error is alleged because the trial court refused a defense motion for continuance made on the ground that defense counsel did not have sufficient time to prepare for trial.

Defendant was indicted and arraigned in January 1981 and was represented by retained counsel at the time. It appears that the case was twice called for trial starting in March but trial was delayed due to the apparent illness of defense counsel. Trial was then scheduled for the week of May 11.

On May 5, defendant's counsel wrote a letter to the trial judge stating that he was withdrawing from representation because of difficulties with the defendant as to method of proceeding and compensation. On May 9 defendant's present counsel agreed to represent him. On Monday, May 11, the new counsel filed motions for continuance and to suppress evidence and requested copies of any statements made by defendant. A motion hearing was held on May 13 in which the motions were denied and defense presented with copies of summaries made by two police officers of defendant's statements to them.

The trial commenced on May 14 with the denial of the renewed motion for continuance. The trial court told the new counsel that if he was not ready to proceed, he could withdraw, and the court would require the former counsel to try the case. The present counsel elected to proceed subject to his motion for continuance. " 'A statement by counsel for the defendant that he has not had sufficient time to investigate and prepare the defense is a mere conclusion. "Questions of this nature must of necessity be entrusted to the discretion of the trial judge." [Cit.]' *Foster v. State,* 213 Ga. 601, 603 (100 SE2d 426) (1957). 'A motion for continuance is addressed to the sound discretion of the trial judge and a denial will not be disturbed by this court unless it clearly appears that the judge abused his discretion.' *Williams v. State,* 148 Ga. App. 55 (1) (250 SE2d 848)." *Nix v. State,* 157 Ga. App. 406 (1), 407 (277 SE2d 768).

As in both *Williams v. State,* supra, and *Nix v. State,* supra, this case involved few witnesses, and the issues were not complex. As in *Foster v. State,* supra, and *Nix v. State,* supra, there is no apparent lack of preparation or diligence on the part of defense counsel. There was no error in denying the request for continuance.

2. Defense counsel requested copies of defendant's pre-trial statements on May 11, received them on May 13, and objected to

their use in trial on May 14 because they had not been presented to the defense within 10 days of trial as required by Code Ann. § 27-1302 (Ga. L. 1980, p. 1388). The overruling of the objection is asserted as error.

We find no error. While present counsel apparently requested the statement as soon as he could, the request was not timely made. The case had been pending trial since March and was delayed because of problems of the preceding counsel. Although the record contains no request for the statements from the preceding counsel, when the district attorney furnished present counsel copies of the statements in the hearing on May 13, he stated that he had already furnished them to the prior attorney. This statement of the district attorney finds some evidentiary support in defendant's testimony where he said: "I think a statement when my last lawyer asked for some information about what ya'll had, they gave it to him and it said something in the statement about . . ."

Code Ann. § 27-1302, supra, states that *the defendant* shall be entitled to copies of his statements and *the defendant* may make the request therefore within any reasonable time before trial.

Under the circumstances, the request for the statements was not made within a reasonable time prior to trial. Not only is there some evidence that the prior counsel obtained statements from the state, but if he did not, a request easily could have been made more than 10 days prior to trial during his representation of the defendant which extended from January until just prior to the third scheduled trial date on May 11.

While our ruling may make the provisions of Code Ann. § 27-1302 unavailable to a new counsel coming into a case shortly before trial to replace a prior counsel, a contrary ruling would give a defendant an opportunity to delay his trial by a last minute counsel change to obtain a delay under this statute. See *Tanner v. State,* 160 Ga. App. 266 (287 SE2d 268). The provisions of the statute apply to defendants, not their counsel, and compel this ruling.

3. Error is claimed because Henry, a police officer, testified as to pretrial statements of defendant which were not included in Henry's written summary of defendant's statements given to the defense and therefore excludable under Code Ann. § 27-1302, supra. It is also contended that his testimony as to matters not included within his summary should have been excluded as hearsay. Three officers participated in the questioning of defendant and two of them made summaries of what he said as concerned the different matters each of them was investigating. Both summaries were given to the defense. Although the testimony complained of was not included in Henry's summary, it was included in the summary prepared by Stowe, who

did subsequently testify, without objection, concerning these matters. Under these circumstances, if there was any error, it was rendered harmless by Stowe's testimony.

4. Defendant contends his motion to suppress the seizure of a van and other property of his from his premises pursuant to a search warrant was erroneously denied because the affidavit for the warrant was insufficient in that it failed to establish the reliability of the informant and was based on a casual rumor circulating in the underworld.

The affidavit described the premises as those of defendant and his brother on which a Dodge Maxi Van was located. It stated that a confidential informant was personally on the premises within 10 preceding days who observed several unaffixed vehicle identification number (VIN) plates there and overheard one of the above described persons (defendant or his brother) state that the Dodge Maxi Van was a stolen vehicle. It related that the informant had furnished the affiant with reliable information in the past resulting in the arrest of several persons for law violations and the recovery of stolen property.

The court did not err in denying the motion. The affidavit meets the test set out in *Maddox v. State,* 133 Ga. App. 709, 711 (213 SE2d 1). The reasons for the reliability of the informant are stated. The information that there were unaffixed VIN plates was based on personal observation. That the van was stolen came from the mouth of one of the persons in possession of the premises on which it was located. Thus, the basis for the information was more than a mere rumor circulating in the underworld.

5. Officer Stowe's testimony concerning the VIN system and its interpretation, over objection of no qualification as an expert, was not error. Stowe testified that he was familiar with the VIN's and their interpretation and had 9 years' experience as a GBI agent. Whether or not a witness is qualified as an expert is a matter within the discretion of the trial court, and that discretion will not be disturbed unless manifestly abused. *Baker v. State,* 156 Ga. App. 283 (1) (274 SE2d 678). We find no abuse of discretion in this instance.

6. Denial of a motion for directed verdict on the ground that there was no evidence defendant knew the VIN had been removed from the van was not error. We find sufficient circumstantial evidence other than mere possession of the vehicle from which such knowledge could be inferred by the jury. *Beadles v. State,* 151 Ga. App. 710 (261 SE2d 447).

7. There is no merit in the assertion that the trial court erred in requiring defendant to pay restitution to the owners of the stolen van.

Defendant was sentenced to 5 years in prison — 3 to serve and the remaining 2 on probation. A special condition of probation was

that upon defendant's release from prison that he pay restitution. Such restitution is authorized by Code Ann. § 27-3001 et seq. (Ga. L. 1980, p. 1382 et seq.). The judge of any court of competent jurisdiction may order restitution by payment to any person or entity suffering damages caused by an offender's unlawful act as a condition of any probated sentence. Id.

8. In response to defendant's unaddressed enumeration alleging error because of the denial of his motion for a new trial, made on the general grounds as well as the other matters enumerated, we find the evidence sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt.

9. The remaining enumerations have no merit.

*Judgment affirmed. Carley, J., concurs. Shulman, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 24, 1982 —
REHEARING DENIED MARCH 17, 1982.

*Donn M. Peevy,* for appellant.
*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Assistant District Attorney,* for appellee.