65335. PEALOR v. THE STATE.

BANKE, Judge.

In this appeal from his conviction for burglary, the defendant's primary contention is that the trial court erred in failing to exclude from evidence certain pre-trial statements not provided to him prior to trial in accordance with the provisions of OCGA § 17-7-210 (Code Ann. § 27-1302). The defendant was indicted on August 7, 1981, and arraigned on August 10th, at which time he informed the court of his intention to retain an attorney. Trial was set for August 24th. On August 12th, he informed the court that he had been unable to retain an attorney. The judge then informed him that he would appoint an attorney to represent him; however, the attorney initially selected by the court proved to be unavailable. The counsel ultimately chosen to represent him was notified of his appointment on August 18th and made his demand for discovery the next day. A copy of the defendant's statement was received by him on August 21st. The trial commenced on August 25th. *Held:*

1. The statute provides that upon request the defendant is entitled to a copy of statements made by him while in custody and that such copies are to be made available to him at least 10 days prior to trial. Failure to comply with a defendant's timely written request for such statements renders those statements inadmissible upon

timely objection. OCGA § 17-7-210 (c) (Code Ann. § 27-1302). "[I]f the state elects to use a defendant's statement in the prosecution of its case but 10 days have not elapsed from the time defendant was provided a copy thereof, the state's remedy is to announce not ready at the call of the case for trial and request a continuance." *Garner v. State,* 159 Ga. App. 244, 246 (282 SE2d 909) (1981). Of course, as in *Garner,* the state is entitled to proceed with trial rather than request a continuance if it so desires.

The state contends that the defendant's request was not timely because it was made less than 10 days prior to trial, citing *McCannon v. State,* 161 Ga. App. 685 (2) (288 SE2d 663) (1982), as authority for allowing the statements into evidence under such circumstances. However, that holding is inapposite in that the defendant there had been represented by another counsel for some four months prior to the time his newly retained counsel made the request for discovery. We reasoned there that "[w]hile our ruling may make the provisions of [OCGA § 17-7-210 (Code Ann. § 27-1302)] unavailable to a new counsel coming into a case shortly before trial to replace a prior counsel, a contrary ruling would give a defendant an opportunity to delay his trial by a last minute counsel change to obtain a delay under this statute." *McCannon v. State,* supra at 686. In the present case, of course, the defendant was not represented by counsel at all until less than 10 days prior to his trial.

The Supreme Court has held that the time limit within which a written request for discovery under the statute must be made "obviously must precede the period of ten days prior to trial." *Blanchard v. State,* 247 Ga. 415, 419 (276 SE2d 593) (1981). This language was reiterated in a subsequent case construing OCGA § 17-7-211 (Code Ann. § 27-1303), a companion statute dealing with the discovery of scientific reports. See *State v. Meminger,* 249 Ga. 561 (292 SE2d 681) (1982). However, in *Meminger,* appellant's counsel had represented him for months prior to making the request; and in *Blanchard,* the court was concerned merely with the state's inadvertent failure to provide one page of a multipage statement, which was otherwise made available to the defendant in a timely fashion. At p. 419 of that decision, the court held as follows: "What is a reasonable time for the request must be determined by considering the facts and circumstances of each case. The finding of the trial court as to what constitutes a reasonable time in a particular case will not be reversed . . . unless 'clearly erroneous.' "

In the case before us now, it was clearly impossible for the defendant to have submitted a timely written request for discovery in accordance with the statute during the time in which he was represented by counsel. Thus, from all of the facts and circumstances,

it must be concluded that the defendant's request was made within a reasonable time, even though made within 10 days of trial. The order denying the defendant's motion for new trial is accordingly reversed. See *Tanner v. State,* 160 Ga. App. 266 (287 SE2d 268) (1981).

2. The defendant further contends that his pre-trial statement should not have been admitted because it was improperly induced and was made before he was given the warnings required by Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). The evidence adduced at the Jackson-Denno hearing as to both these assertions was in conflict, presenting a factual question for the trial court's resolution. "Such determinations by the trial judge are accepted by the appellate courts unless clearly erroneous." *Bridges v. State,* 155 Ga. App. 369 (271 SE2d 25) (1980). The trial court's determination that the defendant in this case made his confession freely and voluntarily and without any improper inducement does not fall into this category.

3. The defendant also contends that the state failed to prove his lack of authority to enter the premises burglarized; however, it appears that the state presented uncontroverted evidence in this regard.

4. Finally, the defendant contends that the trial court erred in denying him the opportunity to cross-examine a state's witness concerning the theft of some tools from the same business which he was charged with burglarizing. The matter was obviously collateral to the issues in the case, and counsel made no effort at trial to show the relevance of such an inquiry, nor has he done so on appeal. This enumeration is also without merit.

*Judgment reversed and remanded with direction. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 26, 1983 —
REHEARING DENIED FEBRUARY 9, 1983 — 

*Robert F. Webb,* for appellant.
*Darrell E. Wilson, District Attorney, David P. Soulis, Assistant District Attorney,* for appellee.