## 67021. WHITEHEAD v. THE STATE.

POPE, Judge.

Appellant appeals the revocation of five years of his ten-year probated sentence for a previous offense. The petition for probation revocation alleged a violation of OCGA § 16-8-7 (a) (Code Ann. § 26-1806); specifically, that appellant was arrested on January 27, 1983 and charged with theft by receiving stolen property.

OCGA § 16-8-7 (a) (Code Ann. § 26-1806) provides in pertinent part: "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen. . . ." Appellant contends

that the evidence adduced by the state was insufficient to show that he knew or should have known that the item at issue, a stereo system, was stolen property. The following was presented at the hearing on appellant's probation revocation: A stereo system, identified as one of a number stolen in late November 1982 from the J. C. Penney Warehouse, was found by police officers in appellant's bedroom on January 27, 1983. The serial number on the stereo had been scratched out. In December 1982, appellant bought the stereo from his friend, Walter Gibbs, who approached appellant to buy it and who told appellant that it had been left in the trunk of Gibbs' car. At the time appellant first saw the stereo, it was one of three in Gibbs' home. Appellant paid Gibbs between ten and forty dollars. The price included the cancellation of a debt owed by appellant to Gibbs. Neither appellant nor Gibbs could testify as to the exact cash amount which was paid or even an approximate amount of the debt. Appellant knew the stereo to be new and worth $169 to $189. The value of the stereo was estimated by the investigating officer to be $149.

We find the foregoing sufficient evidence on which to base the revocation of appellant's probation. "Knowledge that the goods are stolen is an essential element of the crime. This guilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man. [Cits.]" *Watts v. State,* 157 Ga. App. 214 (276 SE2d 884) (1981). "[B]uying at a price grossly less than the real value is a sufficient circumstance to excite suspicion." *LaRoche v. State,* 140 Ga. App. 509, 510 (231 SE2d 368) (1976). "Only slight evidence is necessary to support a finding of a violation of probation. [Cits.]" *Davis v. State,* 165 Ga. App. 709 (302 SE2d 610) (1983). The trial court did not abuse its discretion in revoking appellant's probation. See *Baltimore v. State,* 165 Ga. App. 741 (2) (302 SE2d 427) (1983).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 16, 1984.

*Julie K. Fegley, Thomas M. Hackel,* for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.