Lynne P. Brown, *pro se.*

## 71300. BROWN v. THE STATE.
(341 SE2d 226)

McMURRAY, Presiding Judge.

Defendant Brown was convicted by a jury of the offense of theft by receiving stolen property and now appeals from the denial of his motion for new trial. *Held:*

1. In his first enumeration of error the defendant contends that the trial court erred in denying his motion for new trial, arguing that the evidence was not sufficient to show that he knew or should have known the property was stolen. See OCGA § 16-8-7 (a). We do not agree. The evidence adduced at trial showed that the defendant was in possession of a stolen 1978 Volkswagen Scirocco automobile which had been "stripped" of a number of its components. The stolen vehicle was with two other automobiles that had been stolen and a cab of a pickup truck with a destroyed manufacturer's vehicle identification number. The defendant did not receive titles to the stolen vehicles, nor did he receive bills of sale for the vehicles when he obtained them. The defendant paid nothing for the Scirocco and upon cross-examination he admitted that there was nothing "really wrong" with the Scirocco. However, it "didn't have real good tires on it" and "the transaxle was all that was tore up" when he received it. The defendant also admitted that he could have had the vehicle in good working order for a cost of about $400, but instead he chose to sell the motor and doors on the automobile for $150. Most persuasively, however, the victim testified that she knew the defendant and that he had ridden in her vehicle prior to the theft.

Knowledge that goods are stolen may be inferred from the circumstances which would excite suspicion in the mind of an ordinary prudent person. *Watts v. State*, 157 Ga. App. 214 (276 SE2d 884); *Whitehead v. State*, 169 Ga. App. 518, 519 (313 SE2d 775).

In the case sub judice, we find the evidence was sufficient to convince a rational trier of fact that the defendant was guilty beyond a reasonable doubt of the offense of theft by receiving stolen property. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Cheek v. State*, 170 Ga. App. 230 (1), 232 (316 SE2d 583).

2. Next, the defendant contends that the trial court erred in giving the jury the following charge: "Possession of stolen property alone is not sufficient to show guilty knowledge. However, possession, together with other circumstances and evidence, may be used to infer the knowledge required by the Statute. The departure from standard business practices; the purchase price or the sales price was or was

not greatly inadequate; dealing in cash; whether or not records were kept; the time of any such transaction and the secrecy, if any, surrounding it; the conduct and behavior of the Defendant; all the transactions before, at the time of, and after between the Defendant and any person other than the owner relating to this property and like other property; and the kind and nature of the property. If you find any of these facts exist or are shown by the evidence in this case, if you should so find, are circumstances which you may consider."

The defendant argues that this charge was unduly suggestive in specifying illustrations of evidence which tended to suggest the outcome. This argument is without merit.

"After the jury has heard all the evidence, it is the trial judge's duty to instruct or charge the jury on the principles of law which apply to the case. [Cits.] The instructions should be tailored to the indictment and adjusted to the evidence admitted. [*Joiner v. State*, 163 Ga. App. 521, 523 (5) (295 SE2d 219)]. . . . The instructions from the court must be presented so as to enable the jury to deal with the real issues in the case and properly decide them. [*Glaze v. State*, 2 Ga. App. 704 (2) (58 SE 1126)]." Daniel, Ga. Criminal Trial Practice (1984 ed.), § 24-2. In the case sub judice, the foregoing charge was not unduly suggestive in specifying illustrations of evidence which suggested an adverse outcome to the defendant. The trial court's charge contained correct statements of law which gave relevant inferences which could be drawn from the evidence presented at trial. See *Whitehead v. State*, 169 Ga. App. 518, supra; *Moore v. State*, 171 Ga. App. 911 (321 SE2d 413); and *Cheek v. State*, 170 Ga. App. 230, supra.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 7, 1986 —
REHEARING DENIED FEBRUARY 12, 1986 — ▮▮▮▮▮▮▮▮

*David E. Ralston*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.