## 76905. PARROTT v. THE STATE.
(373 SE2d 828)

POPE, Judge.

Defendant Lorenzo Perry Parrott was indicted for the offenses of theft by taking and theft by receiving stolen property. The jury returned a verdict of not guilty on the theft by taking count and a verdict of guilty on the theft by receiving stolen property count. On appeal the defendant contends that the trial court erred in failing to grant a directed verdict of acquittal at the close of the State's case in chief, arguing that the State showed only that defendant was in re-

cent possession of the stolen property (a 1987 Pontiac Firebird) and that the State failed to show that defendant knew or should have known the property was stolen.

The State presented the following evidence at trial: On July 9, 1987, a 1987 Pontiac Firebird was stolen from the lot of the National Car Rental Systems located at Hartsfield International Airport in College Park. In order to get the car out of the lot, the thief placed a board over the tire puncturing spikes called "tiger teeth" which National had installed in order to discourage theft. On the day following the theft, one of National's investigators discovered the car parked at the Bradford Square Apartments, located not far from where the car was taken. The investigator and another National employee were "staking out" the car in hopes that someone would come to retrieve it when they were approached by an assistant manager of the apartments who informed them that one of his employees, a recently hired maintenance man, had been driving the car. When questioned by the National employees and a Clayton County police officer about his possession of the car, defendant initially stated that the car was his and that he had driven it to the apartment complex. He quickly changed his mind, however, and stated that the car belonged to his brother's wife who had driven the car there so he could fix a tire for her, but she had left the premises to go elsewhere. Defendant had the keys to the car in his pant's pocket and several items belonging to him were found in the car. A social security card and insurance card belonging to a Vickey Holcomb were also found in the car. Although the insurance card was issued for a 1987 Pontiac Firebird, the vehicle identification number on the card did not match the stolen vehicle's identification number. Co-workers of defendant testified they had seen defendant driving the car the day before (i.e., the day it was stolen), that at that time the car had a flat tire, and that defendant stated he was taking the car to a service station to have the tire repaired.

"A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. 'Receiving' means acquiring possession or control or lending on the security of the property." OCGA § 16-8-7 (a). " 'Possession, as we know it, is the right to exercise power over a corporeal thing. . . .' *Cook v. State*, 136 Ga. App. 908 (2) (222 SE2d 656) (1975)." *Preston v. State*, 183 Ga. App. 20, 21 (1) (357 SE2d 875) (1987). As to the issue of possession, the evidence showed that defendant was driving the car shortly after it was stolen, and again the next day, that defendant had the keys to the car in his pants pocket and that defendant used the car as a repository for a number of his personal items.

Defendant also contends, however, that the State presented no evidence showing he had knowledge that the car was stolen. "While proof of knowledge that the property is stolen is an essential, '(t)his guilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man. (Cits.)' *Whitehead v. State*, 169 Ga. App. 518, 519 (313 SE2d 775) (1984)." *Todd v. State*, 184 Ga. App. 750, 751 (362 SE2d 400) (1987). Here defendant's contradictory statements concerning his ownership and possession of the car, coupled with the fact that defendant was seen driving the car and repairing a flattened tire on the car shortly after it was stolen, as well as other suspicious circumstances surrounding his possession of the car were sufficient to authorize the jury to infer that defendant knew or should have known that the car was stolen. "Inasmuch as we cannot say that there was no conflict in the evidence and that the evidence demanded a verdict of acquittal, the trial court did not err in denying [defendant's] motion for directed verdict." *Preston v. State*, supra at 21. Accord *Todd v. State*, supra at (1); *Brown v. State*, 177 Ga. App. 778 (1) (341 SE2d 226) (1986); *Cheek v. State*, 170 Ga. App. 230 (1) (316 SE2d 583) (1984).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 27, 1988.

*Linda S. Cowen*, for appellant.

*Robert E. Keller, District Attorney, Deborah C. Benefield, Assistant District Attorney*, for appellee.