A91A1535, A91A1536. ENGLISH et al. v. THE STATE.

(415 SE2d 659)

McMurray, Presiding Judge.

Defendant Wade English and defendant Carol English were charged in a multi-count indictment for crimes stemming from the theft of property seized while defendant Wade English was performing his duties as a Camden County law enforcement officer. Defendant Wade English was charged in Counts 2 and 3 with theft by taking Camden County property, in Count 14 he was charged with theft of lost or mislaid property and in Count 18 defendant Wade English and Anthony ("Tony") Floyd Basil were charged with conspiracy to defraud a state or political subdivision. Defendant Carol English was charged in Count 16 with theft by receiving stolen property.

Defendants Wade English and Carol English were jointly tried before a jury. The evidence revealed that defendant Wade English, while serving as a Camden County Sheriff's deputy, and two other Camden County deputies misappropriated several thousand dollars in United States currency seized by the men while performing their duties as Camden County law enforcement officers. More specifically, Deputy Freddie L. Greene, Jr., testified that during the early months of 1988 defendant Wade English stopped a motorist on Interstate Highway 95; that while defendant Wade English was searching the stopped vehicle he discovered $4,000 in United States currency on the side of the road and that he and defendant Wade English split the money without reporting its discovery. Former Deputy Anthony Floyd Basil testified that on the night of October 18, 1988, defendant Wade English discovered $62,000 in United States currency while searching a stopped vehicle on Interstate Highway 95; that he and defendant Wade English split $12,000 of the money and that they falsely reported that $50,000 was seized from the stopped vehicle. Former Deputy Basil further testified that a similar incident occurred on January 29, 1989, when he and defendant Wade English split $50,000 in United States currency seized from a $250,000 stash found in the trunk of a vehicle officers had stopped on Interstate Highway 95. Former Deputy Basil testified that it was falsely reported that $200,000 was seized from the stopped vehicle. Former Deputy Basil testified that during the spring or late summer of 1989 he went to defendant Wade English's home and discussed "how much [of the stolen] money . . ." was left and that defendant Wade English turned to his wife, defendant Carol English, and stated, " 'I believe we have about ten thousand left, don't we?' She acknowledged yes."

Defendants Wade English and Carol English were found guilty on the above counts of the indictment. Their joint motion for new trial was denied and defendant Wade English appealed in Case No. A91A1535. Defendant Carol English filed an appeal in Case No.

A91A1536. *Held*:

## Case No. A91A1535

1. Defendant Wade English contends the offense of conspiracy to defraud a state or political subdivision merged with the offenses of theft by taking.

The Georgia Supreme Court has held that conspiracy to commit a crime under OCGA § 16-4-8 " ' "clearly is merged into the greater crime where the evidence shows without dispute that the crime charged was actually committed. . . ." *Crosby v. State*, 232 Ga. 599, 602 (207 SE2d 515).' *Evans v. State*, 161 Ga. App. 468, 470 (288 SE2d 726)." *Meyers v. State*, 174 Ga. App. 161, 163 (329 SEd 293). The Supreme Court reasoned " 'that it was the intent of the legislature to make conspiracy itself a separate crime only in cases where the crime conspired to be committed had not in fact been committed, that is, where the conspiracy had been, so to speak, "nipped in the bud." . . .' [Cit.]" *Crosby v. State*, 232 Ga. 599, 600 (3), 601 (207 SE2d 515). The same cannot be said about the legislature's enactment of OCGA § 16-10-21.

OCGA § 16-10-21 (a) (to defraud the State) and (b) (to defraud a political subdivision) define conspiracy to defraud a state or political subdivision as a conspiracy or agreement to commit theft of government property. These Code subsections provide that "[t]he crime shall be complete when the conspiracy or agreement is effected and an overt act in furtherance thereof has been committed, *regardless of whether the theft is consummated.*" (Emphasis supplied.) OCGA § 16-10-21 (a) and (b). The emphasized language of these Code subsections makes clear the legislative intent to make conspiracy to defraud a state or political subdivision separate and distinct offenses, i.e., not subject to merger upon proof of the underlying criminal offenses. See *Gordon v. State*, 181 Ga. App. 391, 395 (2) (352 SE2d 582), reversed on other grounds at 257 Ga. 335 (359 SE2d 634). Consequently, there is no merger of Count 18, charging defendant Wade English with conspiracy to defraud a state or political subdivision, with Counts 2 and 3 charging him with theft of Camden County property.

2. Defendant Wade English challenges his convictions for theft by taking (Counts 2 and 3) and conspiracy to defraud a state or political subdivision (Count 18), arguing that there was no proof that the stolen money was taken from Camden County as alleged in Counts 2 and 3 of the indictment and that there was no evidence showing that a conspiracy existed to take money from a state or political subdivision. In this vein, it is argued that the stolen money was not the property of Camden County or any other state or political subdivision at the time of misappropriation because it had not then been forfeited

under state law. This argument is without merit.

"All property declared to be forfeited under [OCGA § 16-13-49] vests in this state at the time of commission of the conduct giving rise to forfeiture together with the proceeds of the property after that time." OCGA § 16-13-49 (t) (1). In other words, "when property is subject to forfeiture for violation of the law, title vests absolutely in the government on the date of the illegal act. Seizure and a subsequent decree of forfeiture merely confirms the forfeiture that has already taken place. *United States v. Stowell*, 133 U. S. 1, 10 S.Ct. 244, 33 L.Ed. 555 (1890); *United States v. One 1967 Chris-Craft 27 Foot Fiber Glass Boat*, 423 F.2d 1293 (5th Cir. 1970); *Florida Dealers and Growers Bank v. United States*, 279 F.2d 673 (5th Cir. 1960); *U. S. v. One Piece of Real Estate*, 571 F.Supp. 723 (W. D. Tex. 1983)." *United States v. One Parcel of Real Estate Property*, 660 FSupp. 483, 487 (1987), affirmed at 831 F2d 566 (1987).

In the case sub judice, the misappropriated money was seized by Camden County deputies pursuant to lawful police investigations and was therefore subject to forfeiture under OCGA § 16-13-49. Consequently, Camden County had a vested interest in the stolen money the moment the money was used during the commission of any underlying criminal acts. See OCGA § 16-13-49 (u) (4). This evidence, testimony that defendant Wade English and former Deputy Basil were required to turn in all money found or seized to the Camden County Sheriff and other evidence was sufficient to authorize the jury's finding, beyond a reasonable doubt, that defendant Wade English stole money belonging to Camden County and that he conspired with another law enforcement officer to defraud a state or political subdivision by taking government property. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The trial court did not err in refusing to direct verdicts of acquittal on Counts 2, 3 and 18 of the indictment.

3. In his third and fourth enumerations, defendant Wade English contends the evidence was insufficient to support his conviction for theft of lost or mislaid property, arguing there was no evidence that the $4,000 he split with Deputy Greene was lost or mislaid property.

"A person commits the offense of theft of lost or mislaid property when he comes into control of property that he knows or learns to have been lost or mislaid and appropriates the property to his own use without first taking reasonable measures to restore the property to the owner." OCGA § 16-8-6.

Defendant Wade English split $4,000 with Deputy Greene knowing that the money was found on the roadside near a vehicle that had been stopped pursuant to a police investigation. However, defendant Wade English made no attempt to restore the money to its rightful owner and he made no attempt to determine whether the money was

used for illegal activities. He simply took the money and did not report it to the Camden County Sheriff. This evidence and testimony that defendant Wade English and Deputy Greene were required to turn in all money found or seized to the Camden County Sheriff was sufficient to authorize the jury's finding, beyond a reasonable doubt, that defendant Wade English committed the offense of theft of lost or mislaid property. *Jackson v. Virginia*, 443 U. S. 307, supra.

4. Defendant Wade English contends in his fifth enumeration that "[t]he refusal by the trial court to give [his] requests to charge 19, 20 and 21 in connection with the offense of theft of lost or mislaid property was erroneous."

There is no citation of authority or specific argument in support of this enumeration. It is simply asserted that: "(a) the State failed to prove that the money found by Mr. Greene was 'lost or mislaid'; (b) the property had been *abandoned* by (or stolen from) its owner, since no one had reported the loss or filed a claim for any mislaid money; (c) the State failed to prove that [defendant Wade English] had *knowledge* or knowledge could be imputed to him that the money was 'lost or mislaid', even if it were assumed to have been 'lost or mislaid'; and (d) assuming that [defendant Wade English] received the money with knowledge that it was 'lost or mislaid', that there was no 'reasonable measures' [he] could have taken to restore it to the owner without the ability to identify and locate the owner."

" 'It is not necessary to give the precise language of a request to charge when the principles upon which the jury must make its decision are clearly explained. (Cits.)' *Jackson v. State*, 249 Ga. 751 (2) (295 SE2d 53) (1982)." *Curtis v. State*, 182 Ga. App. 388, 389 (6) (355 SE2d 741). In the case sub judice, we have examined defendant Wade English's requested charges numbered 19, 20 and 21, and we find no principle which would add to or clarify the trial court's instructions relating to the crime, theft of lost or mislaid property. This enumeration is without merit.

5. In his final enumeration, defendant Wade English contends the trial court erred in denying a motion for mistrial "after a State's witness testified the [defendant Wade English] refused to make a statement to [the witness] in violation of [defendant Wade English's] Fifth Amendment rights."

Georgia Bureau of Investigation ("GBI") Agent Joe Gregory testified that he advised defendant Wade English of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), and that the defendant "stated he did not wish to make any statements at that time —" defense counsel objected and moved for a mistrial. The trial court gave the following curative instruction:

"Members of the jury, with respect to the last statement made by the witness as to his, 'no, that he did not wish to make a statement at

that time,' I instruct you that once a defendant has stated or a person who is in custody by a law enforcement agency has stated that he does not wish to make a statement, then that is his absolute right under the Constitution and under the laws of the State of Georgia and of the United States of America. Under our system of justice, it is up to the State to prove the guilt of the defendant beyond a reasonable doubt, and the defendant or suspect does not have to say anything or prove anything to the police or to a jury, and the fact that he does make such a comment or a statement is not to be construed by you as to the guilt of the defendant or the defendant having anything to hide or say or not to say. That's an absolute right that all of us have under the laws and the Constitution, so you will not draw any inference harmful or hurtful to the defendant by any alleged statement if in fact you find that it was made.

" 'The grant or refusal of motions for mistrial is largely within the discretion of the trial court, and this discretion will not be interfered with unless manifestly abused; and, where the trial court immediately upon the happening of an irregularity gives cautionary instructions to the jury, this court will not disturb the trial court's judgment refusing a motion for mistrial.' *Western &c. R. v. Hart*, 95 Ga. App. 810 (1) (99 SE2d 302)." *Cox v. State*, 109 Ga. App. 797 (1), 798 (137 SE2d 516). In the case sub judice, we cannot say the trial court's curative instructions were not effective in removing any harm injected by Agent Gregory's statement that defendant "stated he did not wish to make any statements at that time —" Consequently, the trial court did not abuse its discretion in denying the motion for mistrial.

### Case No. A91A1536

6. Defendant Carol English contends the trial court erred in denying her motion to sever.

" ' "(W)here . . . the evidence of one crime would be admissible in the trial of the other crime, it cannot be said that the trial court abused its discretion in denying [a] motion for severance." ' *Johnson v. State*, 257 Ga. 731, 733 (2c) (363 SE2d 540) (1988)." *Herring v. State*, 191 Ga. App. 798 (1), 799 (383 SE2d 178). In the case sub judice, defendant Carol English was charged with theft by receiving money unlawfully taken by her husband, defendant Wade English. Consequently, evidence of the crimes against defendant Wade English would be admissible in a separate trial on the charge against Carol English. Under these circumstances, we cannot say the trial court erred in denying defendant Carol English's motion for severance.

7. Defendant Carol English contends the evidence was insufficient to support a finding that she committed the offense, theft by

receiving stolen property.

"A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen. . . ." OCGA § 16-8-7 (a). "Unexplained possession of recently stolen property, alone, is not sufficient to support a conviction for receiving stolen property but guilt may be inferred from possession in conjunction with other evidence of knowledge. See *James v. State*, 150 Ga. App. 357 (1) (258 SE2d 40) (1979). ' "(G)uilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man. (Cits.)" *Watts v. State*, 157 Ga. App. 214 (276 SE2d 884) (1981).' *Pruiett v. State*, [159 Ga. App. 396 (1), 397 (283 SE2d 625)]." *Abner v. State*, 196 Ga. App. 752 (1), 753 (397 SE2d 36).

In the case sub judice, former Deputy Basil testified that during the spring or late summer of 1989 he went to defendant Wade English's home and discussed "how much [of the stolen] money [was left]. . . ." Deputy Basil testified that defendant Wade English then turned to his wife, defendant Carol English, and stated, " 'I believe we have about ten thousand left, don't we?' She acknowledged yes." This testimony and evidence that defendant Carol English was aware that she and her husband were living thousands of dollars beyond their means was sufficient to authorize the jury's finding that defendant Carol English was guilty, beyond a reasonable doubt, of theft by receiving stolen property. *Jackson v. Virginia*, 443 U. S. 307, supra.

8. Defendant Carol English contends the trial court erred in denying motions for mistrial asserted during her former spouse's testimony.

"Whether a mistrial is necessary to preserve the defendant's right to a fair trial is a matter within the discretion of the trial judge. [Cit.]" *Tyler v. State*, 198 Ga. App. 685, 686 (1), 687 (402 SE2d 780). In the case sub judice, defense counsel twice moved for a mistrial during defendant Carol English's former husband's testimony.

(a) Defense counsel first objected and moved for a mistrial when the State's attorney asked defendant Carol English's former husband, Thomas A. Weaver, whether defendant Carol English offered Mr. Weaver $3,000 to relinquish his parental rights. The State's attorney argued that the witness' response was relevant to "the circumstances surrounding what happened to this money. . . ."

We fail to understand how Mr. Weaver's response to the above inquiry is relevant to the charge that defendant Carol English committed theft by receiving stolen property. However, we cannot say that admission of this testimony denied defendant Carol English a fair trial. Consequently, the trial court did not abuse its discretion in denying the motion for mistrial.

(b) Defense counsel moved for a mistrial when Mr. Weaver ex-

perienced a "mild seizure" while on the witness stand. Defense counsel argued that "[t]he only purpose of having this individual up here is to elicit sympathy for him and to make my clients appear to be of poor reputation and character. I gather that now Mr. Weaver is suffering some sort of seizure, which is going to do nothing but invoke sympathy for him from the jury and direct ill feelings from the jury to my clients on things that are totally irrelevant to this case and are prejudicial. . . ." The trial court denied the motion for mistrial.

We find no abuse of discretion in the denial of the motion for mistrial. A witness' poor physical appearance provides no basis for a mistrial.

(c) Defendant Carol English contends other irrelevant testimony given by Mr. Weaver demanded a mistrial. However, there was no contemporaneous objection and motion for mistrial when this testimony was introduced into evidence. Consequently, these contentions present nothing for appellate review. *Lewis v. State*, 186 Ga. App. 349, 352 (6) (367 SE2d 123).

9. Defendant Carol English contends the trial court erred in failing to grant a mistrial after "a prosecution witness testified that [her] co-defendant exercised his Fifth Amendment rights." The enumeration is without merit for the reasons stated in Division 5 of this opinion.

10. Defendant Carol English challenges the following jury instruction: "When a law enforcement officer seizes such money or contraband subject to forfeiture under the state or federal law, and the state, in an indictment for wrongful appropriation of such money, alleges the property is owned by Camden County, it is sufficient under the law of this state to allege ownership as being in Camden County, even though the courts have not condemned said money and transferred ownership thereto to Camden County."

" ' "Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence." ' *Williams v. State*, 180 Ga. App. 854 (1) (350 SE2d 837)." *Taylor v. State*, 195 Ga. App. 314 (1), 315 (393 SE2d 690). In the case sub judice, we do not believe the above charge misled the jury. On the contrary, the court's instruction appears to conform to the evidence adduced at trial and the charge seems to be in substantial compliance with our holding in Division 2 of this opinion.

11. Defendant Carol English contends the trial court erred in failing to suppress evidence seized during the search of her home, arguing that the affidavit supporting the search warrant contained "false testimony."

GBI Agent Joe Gregory executed an affidavit for a search warrant

for the defendants' home and deposed, in pertinent part, as follows: "Basil also said that [defendant Wade] English had kepe [sic] money in a suitcase under his bed. Basil said further that English's wife Carol Smith English had indicated in his presence that she knew her husband stole money and that she was spending stolen money." Defendant Carol English contends Agent Gregory admitted during trial that these sworn statements were false and that this admission was fatal to the search warrant. This contention is not supported by the record.

At trial, Agent Gregory testified that the statement, "Basil also said that [defendant Wade] English had kepe [sic] money in a suitcase under his bed," is inaccurate. However, Agent Gregory then explained: "That was my mistake. During the day that I obtained [the search warrant] and wrote this, I had spoken to two other people. Mr. Basil had told me that [defendant Wade English] and his wife kept money in a briefcase under his bed. I had spoken to a friend of his wife who had used the term 'suitcase under the bed,' and Tony [Basil] had also told me about money being kept in a — sometimes he would say suitcase, sometimes he would say gym bag, on a shelf in [defendant Wade English's] closet. This was my mistake when I said a 'suitcase under the bed.' "

"(W)here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. [*Franks v. Delaware*, 438 U. S. 154, 155-156 (98 SC 2674, 57 LE2d 667)]." *Williams v. State*, 251 Ga. 749, 790 (8), 796 (312 SE2d 40).

In the case sub judice, defendant Carol English's allegations wholly fail to raise the issue of intentional or reckless falsehood. However, even disregarding the alleged misrepresentations, Agent Gregory's affidavit was sufficient to establish probable cause. This cured any possible error. *Williams v. State*, 251 Ga. 749, 790 (8), 796, supra.

*Judgments affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JANUARY 30, 1992 —
RECONSIDERATION DENIED FEBRUARY 11, 1992.

*M. Nelson Jones*, for appellant (case no. A91A1535).
*Martha F. Dekle*, for appellant (case no. A91A1536).
*W. Glenn Thomas, Jr.*, District Attorney, *Christopher A. Frazier, John B. Johnson III*, Assistant District Attorneys, for appellee.