A92A1556. TURNTIME v. THE STATE.
(424 SE2d 877)

SOGNIER, Chief Judge.

Willie Rufus Turntime was charged with theft by taking an automobile and by receiving a stolen automobile. A jury acquitted him of the charge of theft by taking and convicted him of theft by receiving. He appeals.

The evidence adduced at trial showed that on November 14, 1990, Detective Richard Brown of the Atlanta Police Department's Fugitive Squad was in an unmarked car when his attention was drawn to a late model red Honda Accord because it had unrepaired body damage. Detective Brown followed the car and asked his radio dispatcher to check its tag number. After being informed by the dispatcher that the tag number did not match the Honda, he asked for a uniformed patrol to stop the car, which was traveling away at excessive speed. When the Honda had been stopped, Brown asked the driver, later identified as appellant, for a driver's license and registration. Appellant identified himself as "Robert Lorenzo" and could produce neither a driver's license nor any ownership or registration documents for the car. Detective Samuel Gilbert of the Atlanta Police Department Auto Theft Squad, who was called to the scene by Detective Brown, testified that upon confirming by radio that the tag was stolen, he then requested a check on the vehicle identification number and was informed that the car had been reported stolen on October 22, 1990. Gilbert advised appellant of his rights and placed him under arrest. Gilbert testified that appellant gave his name as "Robert Lorenzo," but his true identity was discovered from fingerprints taken

when he was booked. The owner of the car testified that when the car was stolen, it had been parked unlocked in her driveway with a spare key hidden in the ashtray. When it was returned to her by the police, the car had new body damage, and the interior contained trash and dirty clothing and was in an extremely poor state of repair, with all interior surfaces covered with cigarette burns. Appellant testified that he had borrowed the car from a man he knew only as "Anthony," whom he met in his neighborhood several days earlier; that because Anthony had a job and could have bought a car he believed the car was Anthony's; that Anthony gave him both a trunk key and an ignition key; that he was using the car to take his family's dirty clothes to the laundry; and that he had no knowledge that the car had been stolen.

In two enumerations, appellant contends the trial court erred by denying his motions for a directed verdict of acquittal and that the evidence was insufficient to support his conviction because the State failed to prove his knowledge that the car was stolen. We do not agree.

1. "Knowledge that the goods are stolen is an essential element of the crime [of theft by receiving stolen property]. This guilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent [person]. [Cits.]" *Watts v. State*, 157 Ga. App. 214 (276 SE2d 884) (1981). In both *Watts* and *Hanson v. State*, 151 Ga. App. 890 (262 SE2d 203) (1979), relied on by appellant, the State failed to show any circumstances establishing scienter other than the accused's possession of stolen property, and this court held, accordingly, that the convictions must be reversed. In the case sub judice, however, the evidence adduced by the State set forth circumstances that "would excite suspicion in the mind of an ordinary prudent [person]," *Watts*, supra, thus authorizing the jury to infer that appellant had the requisite knowledge that the car was stolen. These circumstances include appellant's use of a false name and his testimony that he had borrowed the car from a person he barely knew whose last name he did not know; and that the late model car had been treated in a manner inconsistent with ownership. See *Daras v. State*, 201 Ga. App. 512, 513-514 (1) (c) (411 SE2d 367) (1991); *Perry v. State*, 180 Ga. App. 273 (349 SE2d 25) (1986); *Beadles v. State*, 151 Ga. App. 710 (1) (261 SE2d 447) (1979).

Given this evidence, the trial court did not err by denying appellant's motion for a directed verdict of acquittal. Id.

2. This evidence also authorized the jury to find appellant guilty of theft by receiving the car under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Daras*, supra at 514 (2).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

Decided November 9, 1992.

*Clifford M. Weiss*, for appellant.
*Lewis R. Slaton, District Attorney, Carl Greenberg, Barry Mortge, Assistant District Attorneys*, for appellee.