## 62229. SIMPSON v. THE STATE.

DEEN, Presiding Judge.
1. The affidavit in support of the application for search warrant was sworn to on November 26, 1980, and attests that during that week the affiant received information from the informant "that cocaine and Quaaludes are presently stored at the residence belonging to" the defendant and her husband. This is a sufficient factual time averment to prevent the sustaining of a motion to suppress evidence. It is not necessary that the precise date of the act be given "but it

should appear from the facts that the occurrence should be so near in point of time to the making of the affidavit and the execution of the search warrant as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant." *Fowler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447) (1970). See also *Johnston v. State,* 227 Ga. 387 (181 SE2d 42) (1971), stating that it is sufficient for the purpose of showing what the informant actually said to make a fair statement of what was told the officer. So far as underlying circumstances are concerned, the affiant here also quoted the informant as stating he had personally observed large quantities of other stated drugs on the premises on several different occasions, and that the reliability of the informant had been established from previous tips leading to the arrest of at least three other persons. He then testified that he was questioned by the Recorder's Court judge before whom the warrant was sought as to the reliability of the informant and that he gave him several incidents in which the informer had been previously involved. A magistrate may consider oral testimony as well as the affidavit in issuing the warrant. *Hawkins v. State,* 130 Ga. App. 426 (203 SE2d 622) (1973). There was no cross examination eliciting the oral testimony before the magistrate with greater particularity, and we cannot say that it was inadequate. In the final analysis "it is the magistrate who must determine whether the total amounts to probable cause." *Dugan v. State,* 130 Ga. App. 527, 530 (203 SE2d 722) (1974).

2. At the close of the state's concluding argument, defendant's counsel moved for a mistrial on the basis of prejudicial statements not based on evidence. The take-down of the argument runs to over 30 pages. We have considered eight phrases or sentences argued in the brief as error, only three of which were objected to at the trial. These, briefly, were a comparison of drugs to snake's venom, "comments as to this leading to this, that and murder" and a statement that the search warrant had on it the names of both the defendant and her coindictee husband. The case was well and thoroughly tried, and these statements, even if close to the edge, do not in context warrant the grant of a new trial.

3. The trial judge charged Code § 26-604: "A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted." A charge in this language is not burden shifting. *Gatlin v. State,* 236 Ga. 707 (6) (225 SE2d 224) (1976). The court further instructed the jurors that intent is a jury question and may be shown in many ways, inferred from the proven circumstances, or by acts and conduct, or presumed when it is the natural and necessary consequence of the act. This language is somewhat analogous to Code § 26-605. Where it

clearly informs the jury that the question of intent is for them to decide, no reversible error appears. *Whisenhunt v. State,* 152 Ga. App. 829 (264 SE2d 271) (1979).

4. A police officer testified that during the summer he received information about the defendant and her husband which led to surveillance of their residence from that time until they obtained the warrant which authorized the Thanksgiving Day search. Such testimony, although hearsay, is admissible to explain conduct. Code § 38-302.

*Judgment affirmed. Banke and Carley, JJ., concur specially.*

DECIDED JULY 9, 1981 —

*Stephen A. Kermish,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Jack E. Mallard, Assistant District Attorneys,* for appellee.

CARLEY, Judge, concurring specially.

I concur in the judgment affirming the convictions and I agree with all that is said in Divisions 2, 3 and 4. I also agree with the majority that the magistrate could properly determine that there was probable cause supporting the issuance of the search warrant.

However, I do not agree with all that is said in Division 1 of the majority opinion. The majority states that "[a] magistrate may consider oral testimony as well as the affidavit in issuing the warrant." This is absolutely true and any such oral testimony may be considered in addition to the contents of the affidavit. However, in this case it is clear from the record that the *only* "oral testimony" given to the magistrate was that dealing with the reliability of the informant. The "reliability of the informant" prong of Aguilar v. Texas, 378 U.S. 108 (84 SC 1509, 12 LE2d 723) (1964), and Spinelli v. United States, 393 U.S. 410 (89 SC 584, 21 LE2d 637) (1969) is not in question in this case. What is challenged is the sufficiency of the information imparted to the magistrate so that he could "examine the validity or reliability of that *information.*" *Shaner v. State,* 153 Ga. App. 694, 696 (266 SE2d 338) (1980). Since in this case there was no oral testimony given to the magistrate concerning this prong, we must make our appellate review of compliance with this mandate of Aguilar-Spinelli solely on the basis of the contents of the affidavit. In this connection, I cannot agree with the majority's statement that "[t]here was no cross examination eliciting the oral testimony before the magistrate with greater particularity, and we cannot say that it

was inadequate." This statement indicates that there is some burden upon the defendant to prove the absence of probable cause. To the contrary, it is absolutely clear that the burden to establish the existence of probable cause always remains with the state. Code Ann. § 27-313 (b); *State v. Thomas,* 150 Ga. App. 170 (257 SE2d 28) (1979).

Nevertheless, I believe that the magistrate in this case had sufficient information to determine the existence of probable cause from the four corners of the affidavit itself. Even Spinelli recognized that "the magistrate is obligated to render a judgment based upon a common-sense reading of the entire affidavit." Spinelli v. United States, supra, 415. In the affidavit sub judice there was the initial statement that the informant had "personally observed on several different occasions, large quantities of Cocaine, marijuana and Quaaludes stored and used at" the premises identified in the affidavit. Immediately following this language concerning the informant's personal observation is the assertion that "[i]nformant further states that Cocaine and Quaaludes *are presently* stored at the" same premises. (Emphasis supplied.) I believe that based upon a "common-sense reading of the entire affidavit" a magistrate could determine that the informant's revelation to the police officer that two of the three kinds of drug he had previously "personally observed" on the premises were "presently stored" on the premises was likewise based upon the informant's personal observation.

Accordingly, I believe that the state sufficiently carried its burden of "proving that the search and seizure were lawful." However, for the benefit of the bench, bar and law enforcement officers, I would like to repeat the suggestion set forth in *Shaner v. State,* supra, to wit: "Since the object of this ['underlying circumstances' or the 'basis of knowledge'] 'prong' is to insure that a 'neutral and detached magistrate' is presented with sufficient facts so as to satisfy himself that the informant obtained the information in a reliable manner, it clearly is the better practice, if the informant has obtained his information through personal observation or contact or through some other 'reliable' manner, to include this fact in the affidavit or so inform the magistrate considering its issuance." *Shaner v. State,* supra, 697.

I am authorized to state that Judge Banke joins in this special concurrence.