### 67676. CHEEK v. THE STATE.

McMURRAY, Chief Judge.

Defendant was convicted of the offense of theft by receiving stolen property (the engine and the transmission of a 1979 Pontiac Trans Am automobile). The Pontiac automobile was stolen from a motel in Warner Robins, Georgia as reported to the local police on February 8, 1980.

The defendant appeals following the denial of his motion for new trial as amended. *Held:*

1. Approximately one year after the automobile was reported as stolen, an abandoned stripped vehicle was found in the woods in another county (where this trial took place). By and through investigation with the use of the National Crime Information Center and the Georgia Crime Information Center it was determined to have been stolen from the owner in Warner Robins and had been reported stolen as shown above. Approximately a year after the abandoned

stripped automobile was found the sheriff was provided with information as to the whereabouts of the engine that had been taken from that automobile. Further information disclosed that another person had purchased an Oldsmobile automobile from the defendant, and the engine in that automobile was determined to have the same vehicle identification number as that of the stolen automobile. An arrest warrant was obtained for the defendant. At the time the arrest warrant was served the defendant made explanations to the officers as to where he had gotten the engine he had installed in the Oldsmobile. At this point in time the defendant was advised of his Miranda rights. One of the investigators asked the defendant if he could examine the original engine which had been removed from the Oldsmobile, and while inspecting the engine he observed a transmission. The defendant admitted that the transmission had been attached to the engine he bought from another person. The VIN number on the transmission also corresponded to the one which came out of the stolen Pontiac automobile. Further investigation by the officers failed to disclose the location of the individual from whom the defendant had allegedly purchased the engine and transmission. The substance of all of the above facts was disclosed by the state's evidence.

The defendant contends the trial court erred in failing to grant a directed verdict of acquittal at the close of the state's case in chief in that the state failed to prove the defendant knew the engine and transmission were stolen or that he should have known they were stolen and there was a fatal variance between the "allegata et probata" as to the indictment. Mere proof of possession, even though in the absence of an explanation, is not enough evidence to support a verdict of guilty, but such possession, coupled with facts and circumstances from which knowledge may be inferred that the property so received was stolen is sufficient to support the verdict. See *Austin v. State*, 89 Ga. App. 866 (2), 868-869 (81 SE2d 508). The evidence included contradictory statements by the defendant, as well as other facts which the jury might have found sufficient to excite the suspicions of the defendant as a reasonable man that the motor and transmission were stolen. Defendant contends that the state's evidence did not exclude the reasonable hypothesis that the defendant had bought this engine and transmission from another person, citing *Walker v. State*, 157 Ga. App. 728 (278 SE2d 487), and *Wood v. State*, 156 Ga. App. 810 (275 SE2d 694). The facts of the case sub judice are different from those in *Wood v. State*, supra, which is inapposite. We note that the ruling of *Walker v. State*, supra, is that a rational trier of fact could reasonably have found from the evidence adduced proof of the defendant's guilt beyond a reasonable doubt. Here the state investigated the defendant's claims with reference to where he obtained the stolen property and found no basis for same in trying to locate the individ-

ual from whom he allegedly purchased the stolen property. Only where a verdict of acquittal is the only legal finding possible is the trial court required to direct a verdict. See *Summers v. State*, 99 Ga. App. 183, 184 (1) (108 SE2d 140); *Merino v. State*, 230 Ga. 604 (1), 605 (198 SE2d 311).

Even if the recent cases of our appellate courts in some manner have changed the rule as set forth above as in *Merino v. State*, 230 Ga. 604 (1), 605, supra, and its progeny, in following Jackson v. Virginia, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560), the trial court did not err in refusing to grant the motion for directed verdict of acquittal. See *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590); *Bankston v. State*, 251 Ga. 730 (309 SE2d 369), rev'g s.c., 165 Ga. App. 184, 185 (299 SE2d 85). But see *State v. Royal*, 247 Ga. 309, 310 (275 SE2d 646), citing *Merino*, supra, and also see *Conger v. State*, 250 Ga. 867, 870 (301 SE2d 878). The evidence was sufficient for the trial court to determine that the fact finder, the jury in the case sub judice, could reasonably have found the defendant guilty beyond a reasonable doubt, and upon our examination of the record and transcript we also so find.

With reference to the value of the stolen property the defendant himself told one of the state agents that he bought the engine for $200 and he also testified that he was knowledgeable about automobile parts and could get an engine and transmission for $250 to $300. There was other evidence presented that the defendant himself had tried to sell a transmission for $125. While all of this evidence failed to establish the value of the engine and transmission as amounting to $800 as alleged in the indictment, nevertheless there was ample evidence to show its value is greater than $100 (a misdemeanor), and there was no specific objections to this evidence at trial which precludes appellate review with reference to the value of the allegation ($800) to meet the proof (greater than $100). See *Moore v. State*, 138 Ga. App. 902, 903 (6) (227 SE2d 809). As to the argument that there was a failure of venue, slight evidence is sufficient to establish same where there is no conflicting evidence at trial. See *Carter v. State*, 146 Ga. App. 681 (247 SE2d 191); *Cole v. State*, 162 Ga. App. 353 (1) (291 SE2d 427). We find no merit in the first two enumerations of error.

2. It was contended next that the sheriff had given hearsay testimony as to what another person had told him that the automobile was stolen in Warner Robins, had been stripped, and the defendant had put the engine out of the stolen automobile into another. Other testimony proved all of these facts, but even so, this testimony by the sheriff is original evidence to explain the conduct of the officers in investigating the case. See OCGA § 24-3-2 (formerly Code Ann. § 38-302); *Simpson v. State*, 159 Ga. App. 235, 237 (4) (283 SE2d 91). There is no merit in this complaint.

3. Defendant's next enumeration of error is to the denial of his objection to the testimony of the witness who advised the sheriff that the engine and transmission had been stolen from the Trans Am automobile. This testimony merely spearheaded the investigation as to the defendant's participation in the case. Apparently the only testimony that this witness gave with connection to this case was that she was related to the defendant (her brother-in-law), and she identified a photograph of a Trans Am automobile which picture was shown to her by the wife of the defendant, as being the same as state's Exhibit 1, a newspaper article with a picture of the recovered automobile. Her testimony did not get into the information she had furnished the sheriff. Later in defense the defendant's wife was called and testified, denying that she had shown any such picture to this witness. The object of all legal investigation is the discovery of the truth as recently stated and held in *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717), here we find no merit in the objection that her testimony was purely hearsay. Again see *Simpson v. State*, 159 Ga. App. 235, supra.

4. The next enumeration of error we consider is that the trial court erred in failing to exclude the testimony of a witness that he had heard the defendant offering to sell a transmission for the value of $125. Defendant contends that this testimony was merely "a transmission" and not the transmission allegedly stolen. The stolen transmission having been found in the defendant's possession this evidence was material and relevant to show value, and we find no merit in this complaint inasmuch as the defendant's objection that same was hearsay was not subject to objection.

5. The remaining enumeration of error is that the trial court erred in allowing the prosecutor to make statements over objection during cross-examination of the defendant as a witness regarding irrelevant and prejudicial matters. The defendant's wife had testified, and the question asked of the defendant was that the wife had participated in the theft of the automobile in Houston County. The defendant replied, "no sir." The defendant further vehemently denied that he knew anything about the stolen automobile, that he had merely purchased the engine and transmission and had installed the engine and possessed the transmission and did not know they were stolen. As the state was entitled to a thorough and sifting cross-examination we find no merit in this complaint. See OCGA § 24-9-64 (formerly Code Ann. § 38-1705); *Dampier v. State*, 245 Ga. 427, 434 (12), 435 (265 SE2d 565); *Morris v. State*, 150 Ga. App. 94, 95 (256 SE2d 674).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1984.

*Kenneth E. Lucas*, for appellant.

*James L. Wiggins, District Attorney, James E. Turk, Assistant District Attorney*, for appellee.