## 74335. MAXWELL v. THE STATE.
(356 SE2d 533)

DEEN, Presiding Judge.

Leonard Dennis Maxwell was convicted of three counts of theft by receiving stolen property and appeals following the denial of his motion for a new trial. Appellant enumerates four errors, which are essentially the general grounds and will be so addressed. *Held*:

The evidence showed that some time between July 11 and August

1, 1985, a 1981 Mazda RX-7 automobile valued at $5,500 was stolen from Import One, Inc.; a 1984 Mazda RX-7, valued at $12,000, was stolen from Curry Honda, Inc.; and a 1985 Toyota Supra, valued at $19,000, was stolen from Marietta Toyota, Inc. The 1981 Mazda and 1985 Toyota were located by the Cartersville police at the residence of appellant and his girl friend. He remained inside the house when the officers called because he "feared that something was wrong with the vehicles." His girl friend spoke with a police officer and explained that she was purchasing the Mazda from her uncle, who was in the army and stationed in Germany, and that she had had the vehicle for about thirty days. She also stated that the Toyota, which had a New Jersey license plate, was owned by an aunt who lived in that state. The investigating officer left, and when he returned later to recover the two vehicles he discovered that appellant, his girl friend, and the Toyota were missing. The following day, the 1984 Mazda was discovered hidden upon property owned by a relative of the appellant. Appellant and his girl friend were arrested in Michigan in December of 1985 with the Toyota in their possession, and were extradited to Georgia. When he returned to Georgia appellant gave a statement to the investigating officer about the three stolen automobiles and contended that he had purchased them from a former neighbor by the name of Harrison, and that he had paid $1,000 for the 1981 Mazda, $300 for the 1984 Mazda, and $1,000 for the Toyota. He stated that all the paperwork to support his claim of purchase of the vehicles was lost or mislaid when he was arrested in Michigan. At trial, he claimed that he paid $4,000 for the 1981 Mazda, that he had paid $1,000 down and the balance was to be paid in undetermined monthly installments; that the Toyota was purchased for between $11,000 and $12,000, with a down payment of $1,000 and monthly installments to be worked out; and that the 1984 Mazda was in his possession because of an error that Mr. Harrison had made because he inadvertently brought it instead of the Toyota, and that he kept it after Harrison brought the Toyota because Harrison did not bring the paperwork on the latter. Maxwell also stated that his girl friend knew nothing of these transactions and went to Michigan with him in the Toyota only at his insistence.

OCGA § 16-8-7 (a) provides: "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen . . ."

The evidence showed that appellant bought for $2,300 three vehicles which had a fair market value in excess of $35,000. Knowledge that goods are stolen is an essential element of the crime, and such knowledge may be inferred from circumstances which would excite the suspicion of an ordinary prudent person. *Watts v. State*, 157 Ga.

App. 214 (276 SE2d 884) (1981). "(B)uying at a price grossly less than the real value is a sufficient circumstance to excite suspicion." *Whitehead v. State*, 169 Ga. App. 518 (313 SE2d 775) (1984).

Other evidence from which guilt may be inferred was appellant's lack of paperwork for the vehicles, the fact that one vehicle was found parked upon a relative's property in an area where vehicles are not normally parked, the fact that he remained inside the house when the investigating officer first called because he feared that "something was wrong with the vehicles," and his subsequent flight to Michigan in the Toyota. We find that there was sufficient evidence for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Crawford v. State*, 245 Ga. 89 (263 SE2d 131) (1980).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED APRIL 7, 1987.

*William J. Robinson, Jr.*, for appellant.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.