## A97A0873. LEACHMAN v. THE STATE.
### (485 SE2d 587)

MCMURRAY, Presiding Judge.

Defendant was charged in a special presentment with theft by receiving stolen property, in that between September 28, 1994, and October 30, 1994, he and three others received "a Browning Shotgun and a Remington Woodmaster Rifle, property which he knew or should have known was stolen property, without the intent of returning said property to Randall Franks, the owner of said property." At defendant's jury trial, Randall Franks testified that on September 28, 1994, he "had three guns stolen . . ." from his home in Cartersville, Bartow County, Georgia. One was a "Browning Auto 5 and one was a Remington 742, and . . . a Marlin 30-30." The police were summoned and Randall Franks gave police the serial "numbers for all three guns." The first two weapons were recovered by police and returned to Randall Franks. Randall Franks did not give any defendant his permission to possess, have, or to hold these two guns.

Mike Chambers, then a patrol deputy with Bartow County, investigated the incident. In addition to taking the description of the stolen guns and their serial numbers, Mike Chambers observed "a

pathway. You could see where someone had left the rear of the home and, obviously, come through the weeds and so forth in the back of the residence to another driveway. And you could see where [someone] had pulled [a] car off the edge of the road, but you couldn't make out any kind of tracks."

On September 28, 1994, Allison Griffin watched as Jeff McMillan came to her house in Dallas, Paulding County, Georgia, where Jeff McMillan "gave [her] husband [two] guns." She knew "there was no money or anything exchanged. The Sheriff's Department subsequently confiscated "the guns that Mr. McMillan brought to [Allison Griffin's] husband[.]" Defendant's then son-in-law and co-defendant, Jimmy Dean Ray, testified that, on the first weekend in October, defendant "just dropped by [Jimmy Dean Ray's] house that Sunday and had a gun and asked [him] did [he] want to buy it, and [Jimmy Dean Ray] told him, 'Yeah.' " The gun in question was a Browning .20 gauge shotgun. Jimmy Dean Ray "asked him [defendant] was it stolen, and he [defendant] said, 'No.' " Jimmy Dean Ray paid defendant $300 for the Browning shotgun.

According to Investigator Wade Allen Pilcher of the Bartow County Sheriff's Office, an "Auto 5 recovered from Mr. [Jimmy Dean] Ray is the same Auto 5 that was taken from Mr. Franks' residence[, because the] serial numbers match up." Contrary to his subsequent testimony at trial, Jimmy Dean Ray told Investigator Pilcher that "he got it [the Browning shotgun] from Jeff McMillan." On October 20, 1994, "Mr. McMillan and Mr. Leachman [defendant] showed up at the Sheriff's Office." Until that time, Investigator Pilcher "had no idea that [defendant] was involved in the case."

Defendant agreed to give a statement to Investigator Pilcher. "He stated that he had purchased the firearms from [co-defendant] Donnie Pruiett for $450, and that was on September the 27th. . . . He [defendant] also gave [Investigator Pilcher] a receipt showing the sale to him from Donnie Pruiett for the two firearms for $450. And he also had in his possession a bill of sale that Donnie Pruiett had given him to, in turn, give to me [Investigator Pilcher] showing that he [Donnie Pruiett] had purchased these two firearms from a [third] person [Billy Wade Hiram] that he stated was at the gas station at Harris Food store." Defendant further stated that "he, in turn, sold the guns to Mr. McMillan for $350." The substance of these trades was that defendant "purchase[d] the guns for $450 and then turn[ed] around and sold [them] for $350, [i.e.,] '$100 less than what he paid for the guns.' "

Co-defendant Donnie Pruiett also gave a statement to Investigator Pilcher in which, despite some initial reluctance and contradiction, Donnie Pruiett admitted that on the day of the burglary of Randall Franks' home, he "went to see a friend by the name of Rose who

lives on Hatfield Road." The victims' next-door neighbor is Rose Branton, who lives "[m]aybe 500 yards . . ." away.

The jury found defendant guilty of theft by receiving stolen property. His motion for new trial was denied and this appeal followed. Defendant's sole enumeration of error urges the general grounds. *Held*: ·

"A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen. . . ." OCGA § 16-8-7 (a). "'Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods (*Sanford v. State*, 4 Ga. App. 449, 61 SE 741; *O'Connell v. State*, 55 Ga. 191), and this knowledge on the part of the accused must be proved, to warrant a conviction under the Penal Code [OCGA § 16-8-7 (a)] (*Stripland v. State*, 114 Ga. 843, 40 SE 993); but it may be inferred from circumstances (*Birdsong v. State*, 120 Ga. 850, 48 SE 329; *Rivers v. State*, 118 Ga. 42-45, 44 SE 859), where the circumstances shown would excite suspicion in the minds of ordinarily prudent [persons] (*Cobb v. State*, 76 Ga. 664; *Cobb v. State*, 78 Ga. 801, [3] SE 628)[.] . . .'" *Nichols v. State*, 111 Ga. App. 699, 701 (2) (143 SE2d 41), overruled on other grounds, *Gaskin v. State*, 119 Ga. App. 593, 594 (1), 595 (168 SE2d 183).

Defendant's unverified documentation indicates on September 27, 1994, he purchased firearms identified by serial numbers as those stolen from Randall Franks' residence. But these firearms were not even stolen until September 28, 1994. This conflict in the evidence presented a credibility question which the jury determined adversely to defendant, authorizing a finding that defendant knew such documents were manufactured after the fact. Evidence that defendant immediately disposed of the stolen firearms by selling them for what would amount to a loss of $100 "was sufficient [under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)] to establish the guilty knowledge essential to support [defendant's] conviction for theft by receiving stolen property [as alleged in the indictment]. See generally *Higginbotham v. State*, 124 Ga. App. 489 (3) (184 SE2d 231) (1971); *Hilton v. State*, 134 Ga. App. 590 (2) (215 SE2d 261) (1975)." *Callahan v. State*, 148 Ga. App. 555, 556 (4), 557 (251 SE2d 790). The enumeration of the general grounds is without merit.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 4, 1997.

Before Judge Pope.
*Lorie A. Moss*, for appellant.

*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney*, for appellee.