A00A0414. SMITH v. THE STATE.
(533 SE2d 431)

ANDREWS, Presiding Judge.

Adrian Smith appeals from the judgment entered after a jury found him guilty of armed robbery and possession of a firearm during the commission of a crime. Because we conclude there was no rever-

sible error, we affirm.

The evidence at trial, taken in the light most favorable to support the verdict, was as follows. The gas station employee who was robbed identified Smith at trial as the man who came into the convenience store, pointed a gun at her and demanded the money from the cash register. The employee said the man with Smith came around the counter and took the money. Then, after the men got the money, they ran out, got into a blue car and sped off. The clerk positively identified Smith as the man with the gun who robbed her, both in a photo lineup shortly after the robbery and at trial. The car the men escaped in was later found wrecked by the side of the road, and the two defendants were picked up separately on foot.

Also testifying at trial was a prisoner who was in a holding cell with Smith's co-defendant, Ebony Smith, also known as Ebony Shanique. The prisoner testified that Ebony Smith told him he had robbed a gas station with his brother, Adrian Smith.

1. In his first enumeration of error, Smith claims the trial court erred in allowing the prosecutor to question the co-defendant through a series of leading questions. It appears from the transcript that Ebony Smith had pled guilty and had given a statement implicating Adrian Smith in the crime. The State called Ebony Smith as a witness, but he refused to cooperate and denied his earlier statements. The prosecutor then used leading questions to examine him, and defense counsel objected. The trial court overruled the objection on the grounds that Ebony Smith was a hostile witness.

Although leading questions are generally allowed only on cross-examination, the trial court has discretion to allow leading questions on direct examination where the witness is nervous, ignorant or hostile. OCGA § 24-9-63; *Fugate v. State*, 263 Ga. 260, 265 (431 SE2d 104) (1993). "It would be a rare case in which the trial court's exercise of discretion on this issue would warrant reversal." Id. There was no error.

2. Next, Smith argues the trial court erred in allowing the testimony of the prisoner who was in the holding cell with Ebony Smith because it was hearsay. As Smith concedes, no objection was made to this testimony at trial; therefore, we will not address this claim on appeal. See, e.g., *Tyner v. State*, 193 Ga. App. 126 (387 SE2d 50) (1989). Nevertheless, Smith argues that hearsay testimony, even if not objected to, has no probative value. Even assuming the testimony was hearsay, the evidence against Smith was overwhelming, and this testimony was merely cumulative. There was still sufficient evidence to find Smith guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Smith also claims the trial court erred in denying a motion for mistrial after the prosecution commented on Smith's right to remain

silent. After playing a surveillance camera videotape of the robbery, the prosecutor asked one of the investigators, "In regards to any tape, voice analysis, or comparisons played to the witnesses, were you able to take a taped statement from Mr. Adrian Smith?" The officer replied, "No, I was not." Defense counsel requested a mistrial, arguing that the jury was left with the impression that Smith asserted his right to remain silent after the arrest. The judge denied the motion, stating that he "was not left with that impression at all."

We agree. The officer's comment only referred to whether or not he had taken a taped statement from Smith and did not directly comment on Smith's refusal to give a statement. Even assuming the statement directly commented on Smith's silence, this is not cause for reversal. *Smith v. State*, 244 Ga. 814, 815 (262 SE2d 116) (1979). The test is whether the remark resulted in a trial so fundamentally unfair that it denied appellant due process. *Williams v. State*, 242 Ga. 757, 759 (251 SE2d 254) (1978). In this case, the remark did not have that effect.

4. During deliberations, the jury sent out the following note: "Count number one states that with intent to commit theft did take United States currency. It also states that he has an offensive weapon, a certain handgun. Can we find Defendant guilty or not guilty of robbery without committing with handgun?" Defense counsel then requested that the court charge on the lesser included offense of robbery by intimidation. The trial court denied the request, stating that there was no evidence of robbery by intimidation in the case.

Smith argues on appeal that the court erred in refusing to give the charge on the lesser included offense. Smith does not dispute the court's statement that there was no evidence of this lesser included offense, but rather contends that the court should have charged on the lesser included offense because the jury was requesting it. Smith cites to no case law in support of this proposition, and we find none.

Although we have no way of knowing what the jury intended by the note, the law is, as Smith admits, that failure to charge on robbery by intimidation is not error where the evidence does not demand a charge on that offense. *Holcomb v. State*, 230 Ga. 525, 527 (198 SE2d 179) (1973). Here, the only evidence was that the robbery was committed by someone with a handgun.

The trial court surmised that the jury was confused because in the original charge they were told they could find Smith guilty of one offense and not the other and one of the jurors must have questioned how they could find Smith not guilty of possession of a firearm in the commission of a crime and still find him guilty of armed robbery with a handgun.

In any event, after reading the jury's note, the court recharged

the jury on the State's burden to prove each element of the crime beyond a reasonable doubt. The court also instructed the jury again on the elements of the crimes charged and parties to a crime.

Reviewing the charge as a whole, as we must, *Spearman v. State*, 267 Ga. 600 (481 SE2d 814) (1997), we conclude the trial court did not err in failing to give the requested recharge. The charge as a whole adequately covered the applicable principles of law. *McCant v. State*, 234 Ga. App. 433, 435 (506 SE2d 917) (1998).

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 31, 2000.

*Peter D. Johnson,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.