## A03A1996. BROWN v. THE STATE.
(594 SE2d 770)

MIKELL, Judge.

Marty Ray Brown was convicted by a Lowndes County jury of theft by receiving stolen property. On appeal, Brown challenges the sufficiency of the evidence, the trial court's ruling on one of his objections, and the jury instructions. We affirm.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt.[1]

Construed in the light most favorable to the verdict, the evidence showed that Donnie Russ, supervisor of Lowndes Roofing & Sheet Metal, allowed his brother-in-law and co-worker, Dallas Brown, to use his company truck to travel to and from work while he was on vacation around July 4. When Russ returned from his vacation, he noticed that a drill and a torch were missing from his truck. Another employee, Ray Hawkins, told Russ that he saw a torch at a pawnshop. Russ visited the pawnshop and found the missing torch and drill. He reported his findings to his employer, John Stump.

The pawnshop, Southland Pawn & Jewelry, was owned by Tony Franks. Franks testified that he remembered the drill and the torch because they were unusual items; that the defendant pawned the items on July 6; that he personally handled the transaction; that he could identify the defendant because he was required to produce his driver's license to pawn the items; and that he paid the defendant $50 for the items. During his testimony, Franks identified the defendant as the person who pawned the items.

Stump testified that the defendant had worked for him intermit-

---

[1] (Citations and punctuation omitted.) *James v. State*, 227 Ga. App. 907, 908 (1) (490 SE2d 556) (1997).

tently over the years and was Dallas Brown's son; that he did not give anyone permission to take or pawn the drill and torch; that the tools cost $800; and that they were new when they were stolen.

The defendant testified that he gave Russ one of his bulldog puppies in exchange for the tools; that the dog was worth $50; that Russ gave him the tools from the shed behind his house the night before he picked up the dog; that he pawned the tools at the South Pawn Shop; that he conducted the transaction with one of Franks's employees; that he did not have a valid driver's license when he pawned the tools; that he received $50 for the tools; and that he did not know the tools were stolen, but he knew their value. Dallas Brown testified that during the time period in question, his son did not have a driver's license and that his son gave Russ one of his dogs. On rebuttal, Russ testified that he never received a dog from the defendant and that he did not trade the tools for a dog or steal the tools from Stump.

1. "A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen."[2] "Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods, and this knowledge on the part of the accused must be proved . . . ; but it may be inferred from circumstances, where the circumstances would excite suspicion in the minds of ordinarily prudent persons."[3] Because of its very nature, this crime is one that is usually proved in whole or in part by circumstantial evidence.[4]

The defendant testified that when he worked for the roofing company, he often purchased tools for the company; that he knew the drill and torch were valued at $800 and were from the roofing business; but that he acquired the tools by trading a dog worth $50 and pawned the tools for an additional $50. We have previously held that "[b]uying at a price grossly less than the real value is a sufficient circumstance to excite suspicion,"[5] and that circumstance, alone, is enough to authorize the defendant's conviction.[6] However, the evidence also shows that the items were new when they were stolen and

---

[2] OCGA § 16-8-7 (a).

[3] (Citation and punctuation omitted.) *Graham v. State*, 236 Ga. App. 673, 675-676 (2) (a) (512 SE2d 921) (1999).

[4] *Heilman v. State*, 132 Ga. App. 775, 779 (209 SE2d 220) (1974).

[5] (Citation and punctuation omitted.) *Maxwell v. State*, 182 Ga. App. 571, 573 (356 SE2d 533) (1987); *LaRoche v. State*, 140 Ga. App. 509, 510 (231 SE2d 368) (1976); *Hudgins v. State*, 125 Ga. App. 576, 578 (188 SE2d 430) (1972).

[6] *Hudgins*, supra at 578. Compare *McGill v. State*, 106 Ga. App. 482, 484 (1) (127 SE2d 332) (1962) (evidence of discrepancy in value was insufficient to establish knowledge that items were stolen where there was no evidence of condition of items at time of transaction). Here, there was evidence that the tools were new when they were stolen and that the defendant knew their value when he accepted and pawned them.

that it was the defendant's understanding that employees took equipment home after it became worn. The defendant also knew that in some instances, employees used the company's equipment and never returned it. Thus, the jury was authorized to find that the defendant had the requisite knowledge that the tools were stolen. Accordingly, the evidence was sufficient for a rational trier of fact to have found him guilty of the offense of theft by receiving stolen property.[7]

2. During the defendant's cross-examination, he was asked several questions about whether he heard the testimony of Franks, one of which drew an objection from defense counsel. The defendant was asked: "And you also heard him that it's not unusual for people who steal items to come in there and pawn them with — using their driver's license and address. You heard him testify about that, didn't you?" Defense counsel objected on the grounds that the question was argumentative. The prosecutor replied that question was leading, and the objection was overruled. The defendant asserts that the trial court erred by overruling his objection. We disagree.

"The scope of cross examination lies largely within the discretion of the trial court [and] [i]t will not be disturbed by this court unless it is shown there has been an abuse of that discretion."[8] As leading questions are permitted on cross-examination,[9] the trial court did not abuse its discretion in allowing the questioning. Accordingly, this enumeration fails.

3. In his last two enumerations of error, the defendant argues that the trial court erred by instructing the jury on the accusation and by failing to instruct the jury as to the indictment. The trial judge charged as follows: "I'm going to send out the accusation the [sic] you. Inside of the accusation, on the bottom half of the page is a verdict form. The verdict form reads, We, the Jury, find the Defendant blank. It's got a place to date and sign. That is where your foreperson would fill in the verdict." The defendant's argument that his conviction should be reversed because this instruction "confused and mislead [sic] the jury as to what document was being considered" lacks merit. Likewise, his argument that the trial court should have instructed the jury that "the indictment is not evidence proving guilt" also fails because there was no indictment in this case, only an accusation. An accusation is a proper charging document in a theft by receiving case.[10]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

---

[7] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[8] *Davis v. State*, 230 Ga. 902, 904 (3) (199 SE2d 779) (1973).
[9] OCGA § 24-9-63; *Smith v. State*, 243 Ga. App. 331, 332 (1) (533 SE2d 431) (2000).
[10] OCGA § 17-7-70.1 (a) (1) (B).

DECIDED FEBRUARY 13, 2004.

*Edith M. Edwards*, for appellant.

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.