## A09A1992. MARTIN v. THE STATE.

(684 SE2d 111)

BLACKBURN, Presiding Judge.

Following a jury trial, Kenneth Lanza Martin appeals his conviction on two counts of theft by receiving,[1] challenging the sufficiency of the evidence and arguing that the trial court erred in excluding a misdemeanor shoplifting conviction for impeachment purposes against a State's witness, and erred in giving a jury charge that the jury "should acquit" Martin if it had a reasonable doubt as to his guilt. We hold that circumstantial evidence showed that Martin knew the goods were stolen, that misdemeanor theft convictions were available for impeachment purposes only under limited circumstances not shown here, and that the jury instruction was correct. Accordingly, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[2] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[3]

So viewed, the evidence shows that on March 16, 2007, a victim discovered that his trailer and two recently purchased riding lawnmowers were missing from his yard. The victim had purchased the Cub Cadet lawnmower for $3,995 some three months earlier and the John Deere lawnmower for $4,800 some twelve months earlier. He reported the matter to police, who recorded the serial numbers of the two missing lawnmowers.

Within days, police heard of a local man purchasing a Cub Cadet lawnmower very cheaply. Upon investigation, police determined that the serial number of this Cub Cadet matched the serial number of the stolen Cub Cadet. The local man later identified Martin as the person from whom he purchased the Cub Cadet for $600. The man explained that Martin had approached him through the man's employee with the story that Martin's grandfather had recently died and that Martin was selling his grandfather's lawnmower. The man took police to the home where he had picked up the Cub Cadet, at which home police saw in the yard a John Deere lawnmower, whose serial number matched that of the missing John Deere. The owner of that residence stated he had purchased the John Deere from Martin

---

[1] OCGA § 16-8-7 (a).

[2] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(an acquaintance) for $100, after Martin had knocked on his door to offer the sale.

Based on this evidence, a jury found Martin guilty on two counts of theft by receiving stolen property. On appeal, Martin contends that no evidence showed he had knowledge that the lawnmowers were stolen. We disagree.

"A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen. . . ." OCGA § 16-8-7 (a).

> Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods, and this knowledge on the part of the accused must be proved; but it may be inferred from circumstances, where the circumstances would excite suspicion in the minds of ordinarily prudent persons.

(Punctuation omitted.) *Brown v. State*.[4] Indeed, "[b]ecause of its very nature, this crime is one that is usually proved in whole or in part by circumstantial evidence." Id.

Circumstantial evidence exciting suspicion in ordinarily prudent persons may include the defendant's willingness to sell the goods at a grossly discounted price. Just as guilty knowledge may be inferred from a defendant's *buying* the goods at a price grossly less than the real value, *Maxwell v. State*,[5] so guilty knowledge may be inferred from a defendant's *selling* the goods at a grossly undervalued price. See *Leachman v. State*[6] (immediately reselling goods at a loss showed guilty knowledge); *Callahan v. State*[7] (selling motor vehicle for grossly undervalued price showed guilty knowledge that vehicle was stolen). Moreover, the defendant's other suspicious conduct and behavior associated with the sale of the goods may also show guilty knowledge. See *Williams v. State*[8] ("[k]nowledge that goods are stolen may well be deduced by the jury from the defendant's conduct and behavior . . ."); *Callahan*, supra, 148 Ga. App. at 557 (4) ("evidence showing the manner in which the defendant disposed of the [goods] was sufficient to establish the guilty knowledge essential to support a conviction for theft by receiving stolen property").

Here, Martin sold the two lawnmowers for $600 and $100 apiece, even though the evidence showed they were each worth several

---

[4] *Brown v. State*, 265 Ga. App. 613, 614 (1) (594 SE2d 770) (2004).
[5] *Maxwell v. State*, 182 Ga. App. 571, 572-573 (356 SE2d 533) (1987).
[6] *Leachman v. State*, 226 Ga. App. 98, 100 (485 SE2d 587) (1997).
[7] *Callahan v. State*, 148 Ga. App. 555, 556-557 (4) (251 SE2d 790) (1978).
[8] *Williams v. State*, 246 Ga. App. 347, 351 (1) (540 SE2d 305) (2000).

thousand dollars. Beyond these gross underprices, the evidence further showed that without forewarning, Martin simply knocked on an acquaintance's door to sell him the John Deere, and that he approached the second man (a stranger) through the man's employee to sell him the other lawnmower, lying to this second man that the lawnmower belonged to Martin's allegedly deceased grandfather. Such suspicious behavior by Martin would support a finding that Martin knew the lawnmowers were stolen.

The evidence sufficed to sustain the conviction on two counts of theft by receiving.

2. Martin sought to impeach the testimony of one of the buyers by showing that this man had a previous misdemeanor shoplifting conviction. The trial court sustained the State's objection thereto, finding that Martin had made no showing that the shoplifting conviction involved fraud or deceit. Recently, we specifically reiterated that such a showing is necessary under OCGA § 24-9-84.1 (a) (3) before a misdemeanor theft conviction may be used for impeachment purposes. *Clements v. State*.[9] As no such showing was made here, we discern no abuse of discretion in the trial court's exclusion of this evidence for impeachment purposes.

3. Martin argues that the trial court erred in instructing the jury: "After giving consideration to all of the facts and circumstances of this case if your minds are wavering, unsettled, or unsatisfied, then that is a doubt of the law and you should acquit the defendant." Martin contends that the terms "should acquit" are insufficient as words of command and that the court should have used the words "shall acquit" or "must acquit."[10]

Finding that in this context the words "should acquit" are the language of command, we first rejected this argument in *Tyson v. State*.[11] We reiterated this rejection in *Thomas v. State*,[12] and in *Lynn v. State*,[13] we concluded: "We have previously considered and rejected the argument that 'must acquit' not 'should acquit' is the required language when describing the jury's role should they find reasonable doubt. We have consistently approved the 'should acquit' language." (Footnote omitted.) Also, the Supreme Court of Georgia has added its

[9] *Clements v. State*, 299 Ga. App. 561, 563 (1) (683 SE2d 127) (2009).

[10] Ironically, Martin included such "should acquit" language in his jury requests to charge. Although this would waive Martin's complaint about the trial court's use of this language, see *Inman v. State*, 281 Ga. 67, 69 (2) (635 SE2d 125) (2006), we choose to address this matter on its merits.

[11] *Tyson v. State*, 217 Ga. App. 428, 430 (2) (b) (457 SE2d 690) (1995).

[12] *Thomas v. State*, 238 Ga. App. 42, 44 (8) (517 SE2d 585) (1999).

[13] *Lynn v. State*, 251 Ga. App. 155, 156 (1) (a) (553 SE2d 836) (2001).

seal of approval to the "should acquit" language. *Jones v. State*.[14] Martin's argument is simply without merit.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED SEPTEMBER 3, 2009.

*Steven D. Knittle*, for appellant.

*Denise D. Fachini, District Attorney, Matthew P. Brown, Assistant District Attorney*, for appellee.

---

[14] *Jones v. State*, 270 Ga. 25, 28 (7) (505 SE2d 749) (1998).