**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**August 24, 2012**

# In the Court of Appeals of Georgia

A12A0989. BRADLEY v. THE STATE.

PHIPPS, Presiding Judge.

After a bench trial, Bobby Lee Bradley was convicted of theft by receiving stolen property.[1] He appeals, contending that the evidence was insufficient to support the conviction because the state failed to show that he knew or should have known that the shotgun he possessed was stolen. Finding no error, we affirm.

> Upon a finding of guilt following a bench trial, the presumption of innocence no longer applies, and the appellate court construes the evidence in favor of the judge's determination of [Bradley's] guilt. The

---

[1] OCGA § 16-8-7.

appellate court does not weigh the evidence or determine witness credibility, but merely determines the sufficiency of the evidence.[2]

So construed, the evidence showed the following. Gordon Walton testified that he kept a double-barrel shotgun and a rifle in his pickup truck. In April 2010, he noticed that his truck had been broken into and the guns were missing; he had last seen the guns a few weeks to a month earlier. Walton contacted the sheriff's office to report the theft and on April 7, 2010, an investigator went to Walton's home to investigate.

Albert Nunnally testified that Bradley offered to sell him a double-barrel shotgun for $40. According to Nunnally, "it was a good deal for that type of gun." Nunnally purchased the shotgun from Bradley. About two weeks earlier, Walton, who was Nunnally's friend and Bradley's cousin, had told Nunnally that someone had stolen his guns. Nunnally contacted Walton and showed him the shotgun he had purchased from Bradley. Walton identified the shotgun as the one that had been taken from his truck. Walton then contacted the investigator and reported that Nunnally had returned the shotgun after allegedly having purchased it from Bradley.

---

[2] *Boyd v. State*, 291 Ga. App. 528, 529-530 (662 SE2d 295) (2008) (footnotes omitted).

2

On April 27, 2010, the investigator went to Bradley's home and spoke with him about the shotgun. At first, Bradley denied having "ever sold any guns," but then he admitted to the investigator that he had sold the gun to Nunnally. Bradley told the investigator that he had had the shotgun for about two years, having bought it from a co-worker (whose name he did not know). After the state laid a foundation for its admission, the court admitted into evidence, without objection, a recording of the investigator's conversation with Bradley.[3]

At trial, the defense called as a witness Bradley's nephew. The nephew testified that he had left the shotgun at Bradley's house after a friend left it at the nephew's house, and that the nephew did not know that the shotgun had been stolen. Bradley did not testify at trial.

---

[3] The investigator testified that Bradley was not under arrest or in custody when the conversation occurred, and he told Bradley that he was not under arrest at the time. Bradley has not challenged, here or below, the admissibility of his statement to the investigator or of the recording of the conversation. See generally *Williams v. State*, 270 Ga. App. 480, 482 (606 SE2d 671) (2004) (in order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground; a defendant who fails to object to the admission of a custodial statement waives any such objection); *Anguiano v. State*, 313 Ga. App. 449-450 (721 SE2d 652) (2011) (appellant's pre-arrest statement to law enforcement officer made voluntarily in a non-custodial setting was admissible even though he was not given *Miranda* warnings).

"A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner."[4]

> In a theft by receiving case, guilty knowledge is not shown by mere possession of the goods. However, possession coupled with other circumstances and evidence may be used to infer the knowledge required by statute. Knowledge may be inferred from circumstances which would excite the suspicions of an ordinarily prudent man. Whether the explanation of the possession offered by the defendant in his statement alone is a satisfactory explanation, is a question for the [fact finder].[5]

Bradley contends that the state failed to prove that he knew that the shotgun had been stolen; he asserts that his mere possession was not sufficient to support the conviction, and that there was a reasonable explanation as to why he had possessed the shotgun– namely, that his nephew had left it at his house.

> [W]here the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the factfinder. Because the factfinder has heard the

---

[4] OCGA § 16-8-7.

[5] *Ridgeway v. State*, 310 Ga. App. 6, 8 (712 SE2d 84) (2011) (citation omitted).

4

witnesses and observed them testify, it is considered more capable of determining the reasonableness of the hypothesis produced by the evidence or lack thereof than is an appellate court.[6]

The state's case against Bradley was not based solely upon possession. The evidence included facts and circumstances from which Bradley's knowledge that the shotgun was stolen could have been inferred.[7] For example, Bradley made contradictory statements to the investigator concerning whether he had sold a gun to anyone; Bradley's own witness contradicted Bradley's statements regarding how and from whom Bradley had acquired the shotgun; and Bradley's statement that he had acquired the shotgun two years earlier (from a co-worker whose name he did not know) conflicted with Walton's testimony as to when his truck was broken into and the shotgun was stolen. The conflicts in the evidence created a credibility issue regarding the circumstances surrounding Bradley's possession of the shotgun, which

---

[6] *Boyd*, supra at 530 (footnote omitted).

[7] See *Cheek v. State*, 170 Ga. App. 230, 231 (1) (316 SE2d 583) (1984).

5

the fact finder resolved adversely to him.[8] Notably, there was also evidence that Bradley's asking price of $40 for that type of working shotgun was "a good deal."[9]

In this case, there was sufficient evidence authorizing the finder of fact to reject Bradley's defense and find him guilty beyond a reasonable doubt of the crime of theft by receiving stolen property.[10]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[8] See *Leachman v. State*, 226 Ga. App. 98, 100 (485 SE2d 587) (1997); see also *Ridgeway*, supra at 8-9; *DeLong v. State*, 270 Ga. App. 173, 174-175 (1) (606 SE2d 107) (2004).

[9] See generally *Martin v. State*, 300 Ga. App. 39, 40 (1) (684 SE2d 111) (2009) (guilty knowledge may be inferred from a defendant's selling the goods at a grossly undervalued price).

[10] See *Duncan v. State*, 278 Ga. App. 703, 707 (629 SE2d 577) (2006); *Leachman*, supra; *Parrott v. State*, 188 Ga. App. 564, 566 (373 SE2d 828) (1988).