**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 20, 2014**

# In the Court of Appeals of Georgia

A14A1464. CAMPBELL v. THE STATE.

McFADDEN, Judge.

Juwann Campbell appeals from his convictions for armed robbery (OCGA § 16-8-41), hijacking a motor vehicle (OCGA § 16-5-44.1), and possession of a firearm during the commission of a felony (OCGA § 16-11-106). He argues that the trial court inadequately responded to improper comments in the state's closing argument and the trial court improperly restricted his cross-examination of a state's witness. We find no abuse of discretion and affirm.

Viewed in the light most favorable to the verdict, the evidence showed that on November 1, 2011, several men used guns to force cousins Latrell and Fletcher Scott out of the parked car in which they were sitting. The men then drove away in the car.

Latrell Scott recognized one of the men as someone who went by the nickname "Little J," whom she identified at trial as Campbell.

1. *Prosecutor's statements during closing argument.*

At trial, Campbell pointed out the lack of forensic evidence tying him to the crime. In response, the prosecutor made two statements in closing argument relating to Campbell's ability to call as a witness a forensic police officer who had investigated the case. Campbell argues that the statements were improper. Although the trial court sustained Campbell's objections to the statements, Campbell argues that OCGA § 17-8-75, which prohibits counsel from making "statements of prejudicial matters which are not in evidence," required a stronger response and that the trial court erred in failing to either grant a mistrial or give appropriate curative instructions. We disagree.

OCGA § 17-8-75 provides:

Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his

discretion, he may order a mistrial if the prosecuting attorney is the offender.

In implementing this Code section, trial courts have broad discretion.

> The decision of whether to grant a mistrial because of improper conduct by counsel rests with the trial judge. [His] decision will not be overturned absent a manifest abuse of discretion. This court has repeatedly held that if the trial judge acts immediately, and in the exercise of [his] discretion takes such action as in [his] judgment prevents harm to the accused as a result of such improper statements, a new trial will not be granted unless it is clear that such action failed to eliminate from consideration of the jury such improper statements.

*Pullin v. State*, 258 Ga. App. 37, 42 (3) (572 SE2d 722) (2002) (citations and punctuation omitted).

The first statement to which Campbell objected regarded a matter not in evidence – that the forensic police officer "was standing out in the hallway throughout this trial." The trial court immediately sustained Campbell's objection, rebuked the prosecutor, and instructed the jury not to consider the statement. The trial court did not abuse his discretion in this response to Campbell's objection. See *Wyley v. State*, 169 Ga. App. 106, 108 (311 SE2d 530) (1983) ("The trial court's denial of a motion for mistrial is not an abuse of discretion where the trial court immediately

3

rebukes the counsel and instructs the jury to ignore the improper comments.")
(citation omitted).

The second statement to which Campbell objected occurred shortly thereafter, when the prosecutor, after referring to the forensic police officer, stated: "Understand this. The burden of course is on the State, but both parties have subpoena power. Both parties can bring a witness – [.]" Although the trial court sustained Campbell's objection that this statement was an improper burden-shifting argument, in fact the statement was not improper. See *Johnson v. State*, 271 Ga. 375, 383 (15) (a) (519 SE2d 221) (1999) (prosecutor's argument in closing directed at defense counsel's failure to rebut or explain state's evidence neither impermissibly shifted the burden of proof to the defendant nor improperly commented on defendant's failure to testify); *Hutchinson v. State*, 179 Ga. App. 485, 486 (2) (347 SE2d 315) (1986). The trial court did not err in failing to take further action in response to this statement of the prosecutor in closing argument.

3. *Cross-examination.*

Campbell argues that the trial court impermissibly restricted his cross-examination of victim Latrell Scott. Defense counsel sought to ask Scott why she had refused to meet with some police officers in the course of the investigation, to which

4

Scott would have responded that she was on probation. The trial court ruled that defense counsel could elicit testimony about Scott's refusal to meet with the officers but not about the fact of her probation. Campbell argues that this was error, asserting that the fact that Scott was on probation implicated her credibility as a witness, when taken in conjunction with her unwillingness to speak with the officers, and was evidence from which the jury might infer that Scott had been engaged in a drug transaction.

OCGA § 24-6-609 (a) limits the convictions with which a witness other than the accused can be impeached. It pertinently states:

> For the purpose of attacking the character for truthfulness of a witness: (1) Evidence that a witness other than an accused has been convicted of a crime shall be admitted subject to the provisions of Code Section 24-4-403 [regarding relevancy] if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted[.] . . . (2) Evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of such crime required proof or admission of an act of dishonesty or making a false statement.

OCGA § 24-6-609 (a). In this case, Scott was on probation for the offense of misdemeanor shoplifting, and it does not appear from the record that Campbell made

5

a showing that the shoplifting conviction involved fraud or deceit. Cf. *Martin v. State*, 300 Ga. App. 39, 41 (2) (684 SE2d 111) (2009) (requiring defendant to show that witness's misdemeanor shoplifting conviction involved fraud or deceit for it to be used to impeach a witness under former OCGA § 24-9-84.1 (a) (3), which contained language similar to OCGA § 24-6-609 (a) (2)). Accordingly, the trial court did not abuse his discretion in limiting Campbell's cross-examination to prevent mention of Scott's probation. See id.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*